

Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2007

# USA v. Colon

Precedential or Non-Precedential: Precedential

Docket No. 05-3684

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Colon" (2007). *2007 Decisions*. Paper 1697.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1697

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3684

UNITED STATES OF AMERICA

v.

CARLOS COLON,

<u>Appellant</u>

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 02-00618)
Honorable Legrome D. Davis, District Judge

Submitted under Third Circuit LAR 34.1(a)
December 14, 2006

BEFORE:  FISHER, CHAGARES,
and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Filed:  January 29, 2007)

Patrick L. Meehan
United States Attorney
Robert A. Zauzmer
Assistant U.S. Attorney
Chief of Appeals
Kenya S. Mann
Assistant U.S. Attorney
615 Chestnut Street
Philadelphia, PA 19106

   <u>Attorneys for Appellee</u>

Jose L. Ongay
521 South Second Street
Philadelphia, PA 19147

    Attorney for Appellant

_____

OPINION OF THE COURT

_____

GREENBERG, Circuit Judge.

## I. INTRODUCTION

This matter comes on before the court on an appeal from a judgment of conviction and sentence entered on July 27, 2005, in the district court. The appellant, Carlos Colon, limits his appeal to sentencing issues following his resentencing after United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), on a remand from this court.

This is what happened. A grand jury indicted Colon on one count of conspiracy to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846 and 17 counts of delivery of a controlled substance, cocaine, in violation of 21 U.S.C. § 841(a)(1). Colon pleaded guilty to all counts of the indictment except for one delivery count under 21 U.S.C. 841(a)(1), which the district court later dismissed, relating to an April 11, 2002 delivery.

In view of Colon's prior convictions for felony drug offenses, 21 U.S.C. § 841(b)(1)(B) required the court to sentence him to a term of imprisonment of not less than 10 years nor more than life imprisonment. But inasmuch as his criminal history category was III and his total offense level was 25, a level predicated in part on considering the April 11, 2002 delivery, Colon's guideline sentencing range was 70-87 months. The court determined his total offense level after allowing him a 3-level credit for acceptance of responsibility.

The government, however, regarded Colon's history as no different than that of a career offender, a designation which, after the 3-level reduction for acceptance of responsibility, would have subjected him to a term of 262 months to 327 months imprisonment. Consequently, the government asked the court to depart from the guidelines with respect to Colon's criminal history category.

2

The court indicated that it would depart as it pointed out, inter alia, that one of Colon's state convictions involved 1,062 separate drug deliveries. Moreover, the court observed that in a previous 15-year period of state judicial service it never had seen a case with so many narcotics deliveries. The court also noted that within four months of being released from state prison Colon resumed his illegal drug trafficking. Furthermore, the court viewed it as likely that, when released, Colon would go back into the narcotics business.

Notwithstanding the court's concern regarding Colon's history and prospects, it would not treat Colon as a career offender. Thus, though the court would not limit the sentence to the statutory mandatory minimum of 120 months, it imposed a 180-month custodial term, a 50% increase over what the statute required but far less than the court would have imposed had it treated Colon as a career offender. Of course, inasmuch as a criminal history category of VI (the highest sentencing category that the guidelines provide) when applied to a total offense level of 25 yields a range of 110 to 137 months, the court imposed a sentence that was a departure beyond that yielded by any guideline sentencing category once it rejected using the career offender category for Colon.[1]

After Colon appealed, the Supreme Court decided Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004). That case, though arising under a state sentencing system, was significant in this federal prosecution as its reasoning cast doubt on the validity of the federal sentencing guidelines. Consequently, after Blakely, Colon moved in this court to amend his appeal so that he could assert a claim under that case. In response to his motion, we remanded the case for resentencing so that the district court initially could consider the application of Blakely. In remanding we directed that the district court should reconsider any upward departure by using the ratcheting procedure that we set forth in United States v. Kikumura, 918 F.2d 1084, 1110-19 (3d Cir. 1990), though we did not cite that case. See also United States v. Hickman, 991 F.2d 1110, 1113-14 (3d Cir. 1993).[2]

---

[1]The court also imposed a fine and special assessment at the original sentencing and the resentencing but they are not at issue on this appeal.

[2]The order recited:

As it happened, however, before the district court resentenced Colon the Supreme Court decided <u>Booker</u> which changed the application of the federal guidelines from being mandatory to being advisory. As we recognized after <u>Booker</u> in <u>United States v. Cooper</u>, 437 F.3d 324, 331 (3d Cir. 2006), sentences now must be reasonable taking into account all of the factors in 18 U.S.C. § 3553(a) ("section 3553(a)") of which the now advisory guidelines are but one. Thus, after <u>Booker</u>, the guidelines are, in a sense, doubly diminished in significance, first because they are only advisory, and second because the courts must give increased attention to the other sentencing factors in section 3553(a).

Notwithstanding our directions, the district court, in fact, did not ratchet up the sentence in <u>Kikumura</u>-like fashion. Instead, it based its sentence on all the section 3553(a) sentencing factors, particularly Colon's criminal history, and again imposed a 180-month custodial term to be followed by an 8-year term of supervised release.[3] This sentence took into account the April 11, 2002 cocaine delivery even though the court previously had dismissed the delivery count reflecting it. Colon has appealed again.[4]

## II. DISCUSSION

---

The foregoing motion to amend appeal is denied without prejudice. This case is remanded to the District Court for resentencing. The District Court, in resentencing, shall consider the motion to raise <u>Blakely</u> issues in the first instance and shall reconsider the upward departure under **§** 4A1.3 of the U.S. Sentencing Guidelines through application of the ratcheting procedure.

[3] Ordinarily, of course, on a remand an inferior court is obliged to follow the superior court's mandate, <u>Delgrosso v. Spang & Co.</u>, 903 F.2d 234, 240 (3d Cir. 1990), but here the district court faced a special situation in view of the Supreme Court's opinion in <u>Booker</u> filed between the time of the remand and the resentencing. In these unusual circumstances, we do not fault the district court for not following our direction to employ a ratcheting process.

[4] The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

Colon makes three contentions on this appeal: (1) the court erred in finding that the April 11, 2002 one-kilogram delivery was within his relevant conduct and properly was included in the computation of his base offense level; (2) the court's "upward departure"[5] did not follow the required ratcheting procedure and was not reasonable in the circumstances of the case; (3) the court erred in making findings of fact about his criminal history when he refused to stipulate to that history and a jury did not make a finding as to it. We deal with these contentions in the order that he has presented them. Appellant's br. at 1.

The contention with respect to the one-kilogram delivery on April 11, 2002, is significant because if the court had excluded it from its computations Colon's total offense level would have been reduced by 2 levels from 25 to 23.[6] Colon contends that he is not responsible for that delivery because he was not present when it was made and could not have foreseen that it would be made. He explains that he did arrange a meeting between a confidential informant and his co-defendant that was held on March 27, 2002, for a one-kilogram delivery but that the co-defendant did not make a delivery on that day. Moreover, Colon, was not present at the meeting. Thus, while he acknowledges that he would have been responsible for a delivery on March 27 if there had been one, he claims that he was not responsible for the delivery two weeks later. He succinctly puts the matter as follows: "As such, he could not be held responsible for anything that was said or agreed to between the [confidential informant] and his Co-defendant on March 27, 2002." Appellant's br. at 9-10.

We reject this contention. The court, of course, was authorized to make the factual finding holding Colon responsible for the delivery, particularly inasmuch as the historical facts supporting the finding are not in dispute and Colon does not contend to the contrary. See United States v. Mack, 229 F.3d 226, 232-33 (3d Cir. 2000). Thus, the matter gets down to the question of whether the finding that he was responsible for the April 11, 2002 one-kilogram

_____

[5]Colon used the term "upward departure." Actually the court did not depart from the guidelines range at the resentencing.

[6]Of course, it is possible that even if the court had excluded the one-kilogram April 11, 2002 delivery in making its offense level calculations it would have imposed the same sentence but we cannot be sure that it would have done so.

5

delivery was clearly erroneous. See United States v. Yeung, 241 F.3d 321, 322 (3d Cir. 2001). Plainly it was not and, indeed, would survive even plenary review on the basis of Colon's admissions. The delay in the one-kilogram cocaine transaction for two weeks after March 27 does not diminish Colon's responsibility for it as the delivery grew out of Colon's introduction of his co-defendant and the confidential informant for the purpose that was consummated on April 11, 2002. The situation was not one in which there was an intervening event between Colon's conduct and the delivery such that he should be absolved of responsibility for the April 11, 2002 delivery. Rather, there merely was a delay and a short one at that.

This case clearly comes within U.S.S.G. § 1B1.3(a)(1)(B) which provides that the base offense level shall be determined on the basis of, inter alia,

> in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

We think that a serious argument cannot be made that the delay of a mere two weeks in completing a transaction for which Colon acknowledges he would have been responsible if completed at the time previously contemplated somehow means that he is not responsible for the delivery on the theory that the delayed consummation of the transaction was not reasonably foreseeable. After all, there frequently are delays in the completion of business transactions, legal or illegal. Though a court might have disregarded Colon's initial participation in the transaction in determining if he was responsible for its consummation at some remote point, the delay for two weeks for the delivery does not approach that point, wherever it may have been, and therefore the court correctly included the one-kilogram delivery on April 11, 2002, in computing Colon's offense level.

We also reject Colon's ratcheting argument.[7] While it is true that the guidelines remain "a natural starting point for the determination of the appropriate level of punishment for criminal conduct," Cooper, 437 F.3d at 331, that circumstance does not mean that a court must build a sentence on the guidelines and work from there to such a degree that the now advisory guidelines tie the court's hands and, de facto, again become mandatory. We recognize that prior to Booker, we required a district court to use a ratcheting procedure to grant an upward departure based on a defendant's criminal history. See Kikumura, 918 F.2d at 1110-19; Hickman, 991 F.2d at 1113-14. Though in United States v. King, we indicated that ratcheting is still necessary to determine the propriety of granting an upward departure in calculating a guidelines sentence, 454 F.3d 187, 193 (3d Cir. 2006), that language is not controlling here because of the particular circumstances of this case.

A district court need not rely on upward departures to sentence a defendant above the recommended guidelines range. When imposing such a sentence, a district court only need state on the record what factors it is considering. Inasmuch as we do not require any formulaic statement of reasons for imposing the final sentence, we will uphold an above-the-guidelines sentence so long as it is reasonable and the district court's statement of reasons supports it. Therefore, if a district court is sentencing above the guidelines range, as it did in this case, based on the section 3553(a) factors without granting a departure from the guidelines range, it is not bound by the ratcheting procedures we set forth in Kikumura and Hickman.[8]

The fact is that when a court sentences post-Booker and views all of the section 3553(a) factors the guidelines range is simply one

_____

[7]We regard this argument as raising a question of law and exercise plenary review in considering it. See United States v. Lloyd, 469 F.3d 319, 320 (3d Cir. 2006); United States v. Barbosa, 271 F.3d 438, 452 (3d Cir. 2001).

[8]The court would have been required to use the ratcheting procedure if it had made a traditional departure from the guidelines at step two in the three-step sentencing process as noted in United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). But the court did not make a departure and did not rule on the government's departure motion. In the particular circumstances of this case we view the court's action as a de facto denial of the government's motion for an upward departure.

factor for it to consider in arriving at the sentence. The guidelines range may suggest the imposition of a certain sentence of which the court should be aware but other factors may point to a higher or lower sentence. Consequently, so long as the court takes each of "the factors into account in sentencing," Cooper, 437 F.3d at 329, it may impose a sentence in excess of the top of the range, provided the sentence is within the statutory range and is reasonable. Here notwithstanding the sentence being far in excess of the top of the sentencing range it was reasonable. See King, 454 F.3d at 195 ("That the resulting sentence was nearly double the top of the Guidelines range does not make it per se unreasonable.") After all, Colon himself explains that he "was engaged in drug transactions for several years in which he made hundreds of sales to undercover agents and informants." Appellant's br. at 14 n.3-5.

In reaching our conclusions with respect to Colon's ratcheting argument we have not overlooked our direction in United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006), which cited King in holding that a court post-Booker as a part of the sentencing process calculate a defendant's guidelines sentence as it would have prior to Booker. See also United States v. Jackson, 467 F.3d 834, 873 (3d Cir. 2006). The district court in this case was well aware of the sentencing range but for reasons that it explained it imposed a sentence beyond the guidelines range as the top of the range was grossly inadequate for the reasons that the court expressed. We will not find that it erred in what it did and require that the court sentence Colon for a third time.

Colon's contention that the court erred in making findings of fact about his criminal history when he refused to stipulate to the history and a jury did not make a finding with respect to it seems almost unreal because he does not base it on his actual criminal history.[9] Colon explains that the court assigned 3 points for prior convictions, 2 points because he committed the offenses involved here while on parole and 1 point because he committed the offenses here within two years of being released from prison. Therefore, he had 6 points which resulted in a criminal history category of III. With respect to his prior record he explains that he "had a total of four prior drug felony convictions which were consolidated for plea and

---

[9]We are exercising plenary review on this legal question. See United States v. Lloyd, 469 F.3d 319, 320 (3d Cir. 2006); United States v. Barbosa, 271 F.3d 438, 452 (3d Cir. 2001).

sentencing." Appellant's br. at 19 & n.11.  Thus, pursuant to Application Note 3 of U.S.S.G. § 4A1.2 the court counted only one conviction, a determination that yielded 3 points under U.S.S.G. § 4A1.1.  While he does not deny that he had the four convictions, he indicates that he "did not stipulate to the prior record."  Appellant's br. at 19 n.11.  He then goes on to explain that the court found that his criminal history was not reflected adequately in his Criminal History Category of III.  His complaint seems to be that in the absence of a stipulation or a jury finding the court could not find that he had the prior convictions even though he, in fact, had them.  It is that approach which leads us to conclude that his argument seems unreal.

As one might anticipate from our comments to this point, we reject Colon's contention regarding his criminal history.  To start with, in point of fact Colon did stipulate to his record in the district court because his second amended sentencing memorandum for the resentencing recites that "[t]he Defendant has four prior drug convictions, as found by the [presentence report.]"  Supp. app. at 5.  In any event, under the law as established by the Supreme Court the district court could make the findings with respect to Colon's record.  See Booker, 543 U.S. 220, 125 S.Ct. 738; Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219 (1998).  That law binds us.  United States v. Ordaz, 398 F.3d 236, 240-41 (3d Cir. 2005).


III.  CONCLUSION

We conclude this opinion with the following observation regarding Colon.  An examination of this case makes it clear that for the foreseeable future Colon either will be on the street trafficking in narcotics or will be in prison.  It is not possible to study the record here and come to any other conclusion.  In the circumstances, the sentence was reasonable and necessary to protect the public.  See section 3553(a)(2)(c).

For the foregoing reasons the judgment of conviction and sentence entered July 27, 2005, will be affirmed.