

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2007

# USA v. Garcia

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1411

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Garcia" (2007). *2007 Decisions.* Paper 1355.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1355

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 06-1411

————

UNITED STATES OF AMERICA

v.

ARTHUR GARCIA,

Appellant

————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 04-cr-00301-1)
Honorable Christopher C. Conner, District Judge

————

Submitted under Third Circuit LAR 34.1(a)
March 15, 2007

BEFORE:  FUENTES, GREENBERG, and LOURIE,* Circuit Judges

(Filed: April 4, 2007)

————

OPINION OF THE COURT

————

————

*Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit, sitting by
designation.

GREENBERG, <u>Circuit</u> <u>Judge</u>.

This matter comes on before the court on an appeal from a judgment of conviction and sentence entered on January 27, 2006, in which the appellant, Arthur Garcia, was indicted in two counts for violations of 18 U.S.C. §§ 2422(b) (use of mail or facility of interstate or foreign commerce for coercion and enticement of minor for sexual activity) and 2423(b) (travel act). Garcia pleaded guilty to both counts without a written plea agreement. The district court sentenced Garcia to concurrent custodial terms of 100 months on each count to be followed by five-year concurrent periods of supervised release. In addition, the court fined Garcia $500 on each count and imposed a special assessment of $100 on each count. Garcia then filed a timely appeal. The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

On this appeal Garcia raises three issues all relating solely to his sentence. In particular, he contends that: (1) the district court upwardly departed from the sentencing guidelines without giving him reasonable notice of its intention to do so; (2) the sentence imposed was unreasonable because the court failed to consider adequately all of the sentencing factors set forth in 18 U.S.C. § 3553(a); and (3) the court erroneously applied a specific offense characteristic to calculate a 2-level sentencing level increase under U.S.S.G. § 2A3.2(b)(3).[1] While usually we review a criminal sentence on an abuse of

_____

[1]We are using the 2003 Edition of the Guidelines Manual in this case as did the probation officer as neither party suggests that a different edition should have been used.

2

discretion basis, see United States v. Lloyd, 469 F.3d 319, 321 (3d Cir. 2006), in this case our review is plenary because we are concerned with assertions that the district court made errors of law. Id.

The facts are well known to the parties and thus we only need to summarize them. Garcia, when 56 years old, through the use of the Internet to which he gained access with his computer in California, made contact with the victim, a 14-year old girl, in York County, Pennsylvania. Their long distance contact extended over a period of several months and involved numerous Internet messages. Ultimately Garcia flew to Pennsylvania where he met the victim and had sexual relations with her. His arrest followed.

The court calculated Garcia's adjusted offense level before it departed as 25. In making this calculation the court included a 2-level increase for the use of a computer as provided in U.S.S.G. § 2A3.2(b)(3). Garcia objected to this increase on the ground that "[i]t is the use of the internet that brings [his] case within the ambit" of section 2422(b), one of the offenses to which he pleaded guilty. Appellant's br. at 32. He further explained that his base level under U.S.S.G. § 2A3.2(a)(1) was calculated "for committing an act that involved using a computer to violate [section] 2422(b)." Id. Thus, in his view, the 2-level increase was what the courts and attorneys call a "double dip," as the use of the computer was factored into the base offense level.

After argument at the sentencing hearing, the district court departed upwards from the sentencing level that it had calculated by 4 levels. It made this departure without

having given Garcia prior notice that it contemplated doing so. The court indicated that an upward departure was "warranted" because there was "an aggravating circumstance of a kind or to a degree not adequately taken into consideration by the sentencing commission" that took this case out of the "heartland of typical cases." App. at 57. The court explained in detail its reasons for reaching that conclusion in the course of which it described the victim, Garcia, and Garcia's conduct. The 4-level upwards departure increased Garcia's total offense level to 29 yielding a sentencing range of 87 to 108 months.[2]

We are satisfied that the district court must resentence Garcia because it departed from the sentencing guidelines without giving him notice that it contemplated doing so. It is true, as the government points out, that in United States v. Vampire Nation, 451 F.3d 189, 195 (3d Cir 2006), we drew a distinction between a variance from a guideline range and a departure from a guideline range. A court varies from a guideline range when it imposes a sentence outside of the range by considering the list of factors set forth in 18 U.S.C. § 3553(a) of which the application of the now advisory guidelines, see United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), are but one component. See United States v. Colon, 474 F.3d 95, 99-100 (3d Cir. 2007). But if a court calculates a sentencing level by expressly departing, as it did here, then it cannot be said that it has varied from the range, particularly when, as here, it relies heavily on the guideline

---

[2]Garcia's criminal history category was I.

calculations in imposing the sentence. Though we do not doubt that cases will arise in which it is difficult to determine if a court has varied or departed from the guideline range this is not one of them as the court in the clearest possible language said it was departing upwards by 4 levels and then increased the sentencing level from 25 to 29.

Inasmuch as the court departed from the guideline range, Fed. R. Crim. P. 32(h) was applicable. The rule provides:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

Garcia correctly asserts in his brief that there was no suggestion either in the presentence report or in the government's presentence submissions that the court should depart from the guideline range in this case. Indeed, quite to the contrary, the presentence report indicated that "[t]he probation officer has identified no factors warranting a departure," presentence report at 16. Moreover, the government did not object to that conclusion. Accordingly, Garcia contends that the court should resentence him.

In the circumstances, the government does not have a real answer to Garcia's contention that he should be resentenced. Rather, it points out that the presentence report recommended that the court determine the offense level to be a level 32, a calculation yielding a sentencing range of 121-151 months whereas even with the departure the court

settled on a lower total offense level of 29 with a range of 87-108 months.[3] The government contends that the fact that the presentence report recommended a sentencing range beyond the range that the court adopted gave Garcia "constructive notice" that there could be a departure.

The government's argument clearly misses the mark as the fact that the court does not accept a sentencing range proposed in a presentence report does not mean that it can then depart without notice so as to go part or all of the way back to the rejected proposed total offense level without giving notice of the ground for the contemplated departure. After all, though the recommendations in a presentence report are important, the court and not the probation office determines a defendant's offense level. Finally, we point out that the government itself demonstrates that its position is incorrect by the way it frames the notice question: "The notice of the potential sentence was adequate." Government's br. at 16. Clearly, the notice that had to be given was of the contemplated departure not of the "potential sentence."[4]

In this regard we point out that the purpose of giving notice of a contemplated departure is to allow the parties to know why the court is contemplating departing so that the defendant or the government, as the case may be, may attempt to refute the reasons

---

[3]The government has not cross-appealed from the court's calculation of Garcia's offense level.

[4]The concept of constructive notice does not apply here even assuming that it ever could be applicable in situations like the one here. A defendant is not put on constructive notice that there may be a departure by a presentence report that recites that the "probation officer has identified no factors warranting a departure."

that might support a departure. There can be no doubt but that no matter what the court determines the offense level to be before a departure, the importance of giving notice of a contemplated departure remains.

The government also contends, citing and quoting United States v. Himler, 355 F.3d 735, 742 (3d Cir. 2004), that if there was a failure to give notice of a contemplated departure here, the oversight was harmless. We disagree as we are satisfied that Garcia has articulated what he would have done had he known that a departure was contemplated and we cannot reject his argument on the point out of hand. Maybe he will not be persuasive on a resentencing if the court again contemplates departing upwards over his objection but he should be given the opportunity to present his arguments against departure to the district court.

Inasmuch as we are vacating the sentence and remanding for resentencing we need not address Garcia's second argument, i.e., that the court did not adequately consider all the sentencing factors in 18 U.S.C. § 3553(a). The court imposed the original sentence in this case more than one year ago. Since that time we have issued numerous opinions dealing with application of the section 3553(a) sentencing factors, see, e.g., Colon, 474 F.3d at 99-100, and we are certain that the district court will consider theses cases in resentencing.

We do consider, however, Garcia's U.S.S.G. § 2A3.2(b)(3) argument. Garcia was indicted for violating section 18 U.S.C. § 2422(b) which broadly involves, as germane here, the use of "any facility or means of interstate or foreign commerce" for the

7

statutorily interdicted purposes and, on a defendant's conviction for its violation, triggers application of U.S.S.C. § 2A3.2(a)(1) to establish the base offense level. On the other hand, guidelines section 2A3.2(b)(3) is specific to the use of computers and Internet-access devices. Clearly, there was no "double dipping" here as the guideline specifically addresses particular types of instrumentalities requiring a sentencing level enhancement only in a subset of section 2422(b) cases. Accordingly, we are not confronted with a situation in which the base offense level for a crime is predicated on the same set of factors in the guideline used for the contested enhancement of the sentencing level. Consequently, the application of guidelines section 2A3.2(b)(3) when a computer is used in a section 2422(b) offense does not mean that there will be an enhancement in every case that comes within the base guidelines level, U.S.S.G. § 2A3.2(a)(1), for section 2422(b) offenses.

For the foregoing reasons the judgment of conviction and sentence entered January 27, 2006, will, with respect to the sentence only, be vacated and the matter will be remanded to the district court for resentencing.

—————