

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-3-2007

# USA v. Douglas

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2756

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Douglas" (2007). *2007 Decisions.* Paper 815.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/815

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 06-2756

———————

UNITED STATES OF AMERICA

v.

VERNON DOUGLAS
a/k/a LEVERNE DOUGLAS
a/k/a SPIDER

Vernon Douglas,
Appellant

———————

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. Action No. 05-cr-00038)
District Judge:  Hon. R. Barclay Surrick

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 14, 2007

BEFORE:  McKEE, STAPLETON and NYGAARD, <u>Circuit Judges</u>

(Opinion Filed:   July 3, 2007)

———————

_____

STAPLETON, Circuit Judge:

After a jury trial in September 2005 in the District Court, a jury convicted Vernon Douglas of one count of possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). The jury also convicted him of the other four crimes with which he was charged: three violations of the Controlled Substances Act, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 844, and one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1).

On May 18, 2006, the District Court sentenced Douglas to life imprisonment for his conviction of possession of a firearm in furtherance of a drug trafficking crime. The District Court ordered that sentence to run concurrently with the sentences it imposed for the other four counts, which ranged from 12 to 240 months.

Douglas appeals from his sentence. We have jurisdiction under 18 U.S.C. § 3742(a), and we will vacate the sentence and remand for resentencing in light of our decisions in *United States v. King*, 454 F.3d 187 (3d Cir. 2006) and *United States v. Colon*, 474 F.3d 95 (3d Cir. 2007).

I

Before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220

(2005) rendered the United States Sentencing Guidelines advisory, a District Court's power to sentence a defendant outside of the range supplied by the Guidelines was limited by the provisions of the Guidelines pertaining to "departures." After *Booker*, we now require that the District Court undertake a three-step process in imposing a sentence. The District Court must: (1) calculate the applicable Guidelines range, (2) formally rule on any departure motions, and (3) exercise its post-*Booker* discretion, considering the factors set forth in 18 U.S.C. § 3553(a). *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

In this case, at "step 1," the District Court calculated the advisory Guidelines sentence range to be 93 to 101 months. The Presentence Investigation Report ("PSR") recommends that range, PSR at 10, and the minute entry following the sentencing hearing reflects that the District Court overruled both Douglas's and the government's objections to the PSR. On this record, however, it is not clear to us how much of the difference between the advisory Guidelines range and the ultimate sentence was imposed as a departure at "step 2," and how much was imposed as what we have called a *Booker* "variance" at "step 3." The parties briefed and argued both issues, and the transcript of the sentencing hearing indicates that the District Court based the ultimate sentence to some extent on both.

Douglas suggests that his sentence was based, at least in part, on an upward departure under § 4A1.3 of the Guidelines, which provides that "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the

3

seriousness of the defendant's crimes and the likelihood that the defendant will commit other crimes, an upward departure may be warranted." Douglas goes on to argue that, if the District Court based his sentence on § 4A1.3, then it failed to follow the proper procedure in doing so, and he is therefore entitled to a remand for resentencing. The government concedes that it is not clear from the record to what extent Douglas's sentence was the product of an upward departure under the Guidelines ("step 2") or an upward "variance" under the District Court's post-*Booker* discretion ("step 3"), and joins Douglas in recommending a remand. Although the Government's concession does not relieve us of our independent duty to evaluate Douglas's arguments, *see United States v. Vargas-Garcia*, 434 F.3d 345, 348 (5th Cir. 2005) (affirming the challenged sentence, despite the government's concession that it was erroneous); *United States v. Resendiz-Patino*, 420 F.3d 1177, 1182-83 (10th Cir. 2005) (same), we agree with both parties that a remand is appropriate in this case.

## II

Our pre-*Booker* precedents hold that, when a District Court imposes an upward departure under § 4A1.3 of the Guidelines, it must do so according to a "ratcheting" procedure, by which the District Court looks within the Guidelines to determine which higher criminal history category best represents the seriousness of the defendant's crimes and the likelihood that the defendant will commit other crimes. *United States v. Kikumura*, 918 F.2d 1084, 1111-12 (3d Cir. 1990). Moreover, the District Court "is obliged to proceed sequentially through the categories, [and] may not move to the next

4

higher category until it has found that the prior category still fails to adequately reflect the seriousness of the defendant's conduct." *United States v. Hickman*, 991 F.2d 1110, 1114 (3d Cir. 1993). In *Kikumura*, we explained that the principle underlying the ratcheting approach is that "that the appropriate length of a sentence should be determined from the sentencing table, even outside the context of straightforward applications of underlying offense and offender guidelines," and that "the power to depart is not the power to throw away the guidelines in favor of any sentence that strikes the judge as reasonable." 918 F.2d at 1112 (citation and internal quotation marks omitted). Thus, before *Booker*, if a District Court imposed a departure under § 4A1.3 without following the ratcheting procedure, we would vacate the sentence and remand for resentencing. *See, e.g.*, *United States v. Freeman*, 316 F.3d 386, 390-91 (3d Cir. 2003); *United States v. Cicirello*, 301 F.3d 135 (3d Cir. 2002); *United States v. Harris*, 44 F.3d 1206, 1212-13 (3d Cir. 1995).

Although the Supreme Court's decision in *Booker* cast doubt on the continued viability of the principle underlying *Kikumura* and *Hickman*, we held in *King* that District Courts must still follow the ratcheting procedure when imposing upward departures under § 4A1.3. 454 F.3d at 195-96.

In *United States v. Colon*, 474 F.3d 95 (3d Cir. 2007) we added that "[a] district court need not rely on upward departures to sentence a defendant above the recommended guidelines range." As we explained in that case:

> When imposing such a sentence, a district court need only state on the record what factors it is considering. Inasmuch as we do not require any formulaic statement of reasons for imposing the final sentence, we will

5

> uphold an above-the-guidelines sentence so long as it is reasonable and the district court's statement of reasons supports it. Therefore, if a district court is sentencing above the guidelines range, as it did in this case, based on the section 3553(a) factors *without granting a departure from the guidelines range*, it is not bound by the ratcheting procedures we set forth in *Kikumura* and *Hickman*.

*Id.* at 99 (emphasis added). In *Colon*, however, it was clear from the record that the District Court's decision to sentence above the Guidelines range was based entirely on an exercise of its post-*Booker* discretion, made at *Gunter* "step 3." In a footnote, the *Colon* panel added that the District Court "would have been required to use the ratcheting procedure if it had made a traditional departure from the guidelines at step two in the three-step process as noted in [*Gunter*]." *Id.* at 99-100 n.8.

### III

On this record, it is not clear to us to what extent the District Court's ultimate sentence was based on an upward departure under § 4A1.3 of the Guidelines and to what extent it was based on a *Booker* "variance." For this reason, we will remand for resentencing. As we held in *King* and *Colon*, to the extent that the District Court sentences above the Guidelines based on an upward departure under § 4A1.3, it must follow the ratcheting procedure in *Kikumura* and *Hickman*. While that procedure "does not require the district court to go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category it selects," it does require "that the district court's reasons for rejecting each lower category be clear from the record as a whole." *Harris*, 44 F.3d at 1212. To the extent that the District

6

Court sentences above the Guidelines based on a *Booker* variance, the ultimate sentence must be reasonable, and the District Court should explain its reasons for the ultimate sentence with reference to the factors set forth in 18 U.S.C. § 3553(a). *See Colon*, 474 F.3d at 100; *King*, 454 F.3d at 196.

We do not fault the District Court in this case, as the Supreme Court's decision in *Booker* cast doubt on the continued relevance of Guidelines-based departures, and *King*, *Gunter*, and *Colon* were all decided after the District Court imposed Douglas's sentence. Our precedents following *Booker* hold, however, that the Guidelines remain the starting point for the sentencing analysis, that departures imposed under § 4A1.3 must still follow the ratcheting procedure, and that the record should make clear both the reasons supporting the ultimate sentence and the extent to which the sentence imposed is based on the initial Guidelines calculation, on a departure under the Guidelines, and on a *Booker* variance. *See, e.g.*, *United States v. Vampire Nation*, 451 F.3d 189, 198 (3d Cir. 2006) ("[D]istrict courts should be careful to articulate whether a sentence is a departure or a variance from the Guidelines range.").

IV

For the reasons set forth above, we will vacate Douglas's sentence and remand for resentencing in light of *King* and *Colon*. Because we will vacate Douglas's sentence, it unnecessary for us to address his other objections to the sentence.

7