

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2007

# USA v. Vlado

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1754

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Vlado" (2007). *2007 Decisions.* Paper 710.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/710

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1754

UNITED STATES OF AMERICA

vs.

ROBERT VLADO,
                              Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 05-cr-00107)
District Judge:  Honorable Harvey Bartle III

Submitted Under Third Circuit L.A.R. 34.1(a)
July 10, 2007
Before:  SLOVITER, WEIS and ROTH, Circuit Judges.
Filed: July 23, 2007

OPINION

WEIS, Circuit Judge.

        Defendant was indicted on five counts of mail fraud and six counts of false

use of a social security number in violation of 18 U.S.C. § 1341 and 42 U.S.C. §

408(a)(**7**)(B).  He pleaded guilty to one count of mail fraud and the government dismissed

the remaining counts.  Though the District Court calculated a Guidelines range of 8 to 14

1

months for the offense, it decided to impose a sentence of 24 months imprisonment because of the severity of the defendant's conduct. The Court ordered restitution of $30,477.03.

Defendant engaged in a fraudulent scheme to defraud several insurance companies by submitting claims based on bogus auto accidents. He implemented a somewhat sophisticated plan, in which he purchased insurance over the telephone on non-existent automobiles and reported them as total losses within a few days. He used a number of forms of false identification to carry out his scheme, including illegally obtained drivers' licenses and boat licenses.

After reviewing the sentencing factors that a court must consider under 18 U.S.C. § 3553(a), the District Court found that the defendant's offense was a very serious one. See 18 U.S.C. § 3553(a)(2)(A). The Court explained that insurance fraud has an adverse effect on the general population by increasing premiums and decreasing the quality of life in the affected area. The Court concluded that a sentence above the Guidelines range was necessary in this case to address the seriousness of the crime and serve as an adequate deterrent for such conduct.

On appeal, defendant contends that his sentence was unreasonable. Specifically, he argues that the District Court impermissibly considered the full range of his conduct, instead of just the facts underlying the one count of mail fraud to which defendant pleaded guilty, and that a general desire to eradicate all insurance fraud in Philadelphia improperly influenced the District Court's sentence.

2

We have carefully examined the record and are persuaded that the District Court properly exercised its discretion under United States v. Booker, 543 U.S. 220 (2005) and imposed a reasonable sentence.

A sentence in excess of a Guidelines range does not give us pause where, as here, the District Court made it clear that it took each of the § 3553(a) factors into account and provided an adequate statement of the reasons for the sentence. United States v. Colon, 474 F.3d 95, 99-100 (3d Cir. 2007); United States v. King, 454 F.3d 187, 195 (3d Cir. 2006). The District Court was also entitled to consider the full range of the defendant's conduct as described in the presentence report to which defendant had not objected. United States v. Cooper, 437 F.3d 324, 332 (3d Cir. 2006); see also United States. v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) ("only those facts that increase the *statutory* maximum penalty to which a defendant is exposed must be admitted by the defendant or found by a jury beyond a reasonable doubt.").

Finally, the District Court's discussion of the negative effects of insurance fraud is not problematic, as it focused on the seriousness of the conduct and the need for deterrence. United States v. Williams, 458 F.3d 312, 320 ( 3d Cir. 2006) ("A judge may be less lenient towards certain crimes as long as he or she does not employ a personal sentencing policy.").

Defendant has failed to satisfy his burden of showing that the sentence is unreasonable. Cooper, 437 F.3d at 332. Accordingly, the judgment of sentence of the District Court will be affirmed.