UNITED STATES of America

v.

Arthur GARCIA, Appellant.

No. 07–3798.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 12, 2010.

Opinion filed: Jan. 26, 2010.

James T. Clancy, Esq., Office of United States Attorney, Harrisburg, PA, for United States of America.

Gerald A. Lord, Esq., Miller, Poole & Lord, York, PA, for Appellant.

Before: AMBRO, CHAGARES, Circuit Judges and JONES,* District Judge.

## OPINION

AMBRO, Circuit Judge.

Arthur Garcia pled guilty to using a facility of interstate commerce to entice a minor to engage in sexual activity and traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor. He was sentenced to 83 months' imprisonment, and now appeals that sentence. We affirm.[1]

## I.

In September 2003, Garcia, who was 56 years old and living in California at the

---

* The Honorable John E. Jones, III, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

"The abuse-of-discretion standard applies to both our procedural and substantive reasonableness inquiries" discussed below. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (*en banc*).

time, began exchanging instant messages over the Internet with a 14–year–old girl living in Pennsylvania. During the course of their sexually explicit conversations, Garcia misrepresented both his identity and his age, and expressed his desire to travel to Pennsylvania to have sex with her.

In January 2004, Garcia flew to Pennsylvania, rented a car, and drove to the victim's school bus stop to meet her. Garcia gave her $100 and a cell phone that he used to communicate with her over the next week. Later that week, Garcia picked the victim up from her school bus stop and, posing as the girl's father, called her school and reported that she would be absent from school that day. Garcia then took the victim to his hotel room, where he had sexual intercourse with her multiple times. Garcia dropped the victim off at a friend's house the following day, and was arrested as he was returning his rental car at the airport.

In August 2005, Garcia pled guilty to one count of using a facility of interstate commerce to persuade, induce, entice, or coerce a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and one count of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). With an offense level of 25 and a criminal history category of I, Garcia's Guidelines range was 60 to 71 months' imprisonment.[2]

In January 2006, the District Court sentenced Garcia to 100 months' imprisonment after applying a four-level upward departure based on "an aggravating circumstance of a kind or to a degree not adequately taken into consideration by the sentencing commission" that took Garcia's case out of the "heartland of typical cases."

2. Using the 2003 edition of the Guidelines, the United States Probation Office initially calculated Garcia's offense level under U.S.S.G. § 2G1.1(c)(2), which applies if the "offense involved criminal sexual abuse, attempted criminal sexual abuse, or assault with intent to commit criminal sexual abuse," because the victim reported that Garcia pulled her back onto the bed when she tried to leave and held her down while he had intercourse with her. Section 2G1.1(c)(2) references § 2A3.1 ("Criminal Sexual Abuse"), which provides for a base offense level of 27. *Id.* § 2A3.1(a). Probation also applied (1) a four-level increase because "the offense was committed by the means set forth in 18 U.S.C. § 2241(a) or (b)," which include "knowingly caus[ing] another person to engage in a sexual act … by using force against that [ ] person," 18 U.S.C. § 2241(a)(1); (2) a two-level increase because the victim was between 12 and 16 years old; and (3) a two-level increase because Garcia knowingly misrepresented his identity and used a computer to persuade, induce, entice, or coerce the victim to engage in prohibited sexual conduct. *U.S.S.G.* §§ 2A3.1(b)(1), (2), (6). Accordingly, Probation determined that Garcia's offense level was 32 (after a three-level decrease for accep-

tance of responsibility, *id.* § 3E1.1). With a criminal history category of I, Garcia's resulting Guidelines range was 121 to 151 months' imprisonment.

At sentencing, Garcia disputed that he had forcible sex with the victim, and accordingly argued that application of § 2A3.1 was inappropriate. The District Court found that the Government had not proven that Garcia engaged in forcible sex with the victim by a preponderance of the evidence. As a result of the Court's finding, Garcia's offense level was recalculated under § 2A3.2 ("Criminal Sexual Abuse of a Minor Under the Age of Sixteen Years (Statutory Rape)"), resulting in a base offense level of 24, *id.* § 2A3.2(a)(1), and a four-level total increase because Garcia knowingly misrepresented his identity and used a computer to persuade the victim to engage in prohibited sexual conduct. *Id.* §§ 2A3.2(b)(2), (3). After the three-level decrease for acceptance of responsibility, Garcia's resulting offense level was 25, with a Guidelines range of 57 to 71 months' imprisonment. Because Count One carried a mandatory minimum term of 5 years' imprisonment, Garcia's Guidelines range became 60 to 71 months' imprisonment.

*United States v. Garcia*, 225 Fed.Appx. 47, 49 (3d Cir.2007). In April 2007, we vacated that sentence and remanded for resentencing because the Court had applied an upward departure without notice to Garcia. *Id.*; *see also* Fed.R.Crim.P. 32(h).

On remand, the District Court imposed a twelve-month upward variance from the Guidelines range, and sentenced Garcia to 83 months' imprisonment. He timely appealed.

## II.

"Our responsibility on appellate review of a criminal sentence is limited yet important: we are to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way." *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir.2008). Our review proceeds in two stages. First, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Second, we consider the totality of the circumstances to determine whether the sentence is substantively reasonable. *Tomko*, 562 F.3d at 567. "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568.

We do not "presume that a sentence is unreasonable simply because it falls outside the" Guidelines range. *Id.* at 567. Rather, "[w]here ... a district court decides to vary from the Guidelines' recommendations, we 'must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Id.* at 561 (*quoting Gall*, 552 U.S. at 51, 128 S.Ct. 586).

## III.

Garcia argues that the District Court's sentence was procedurally unreasonable for two reasons: (1) the Court failed to take into account the period Garcia spent on home confinement while awaiting his sentencing; and (2) it relied on impermissible factors in imposing an upward variance. We address each argument in turn.

■ Garcia first argues that the District Court failed to consider that he had been under home confinement for 14 months prior to his sentencing, which involved "severe restrictions on his freedom" that weighed in favor of a within-Guidelines sentence.[3] We disagree. The record confirms that the Court considered this argument, which Garcia made both in his sentencing memorandum and during argument immediately before the Court imposed its sentence. That the Court did not specifically mention Garcia's home confinement in explaining the reasons for its sentence does not make that sentence procedurally unreasonable. *See Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) (explaining that a brief statement of reasons can be sufficient where a district court is presented with "straightforward, conceptually simple arguments").

---

3. Garcia concedes that he is not statutorily entitled to credit for the period he spent under home confinement. *See Reno v. Koray*, 515 U.S. 50, 57, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) ("[U]nder the language of the Bail Reform Act of 1984, a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions ... is 'released.'").

Garcia next argues that the District Court impermissibly considered his age, education, marital status, and number of children in imposing its sentence. In support, he relies on a single sentence from the Court's lengthy statement of reasons, where it described Garcia as "an educated, married, 56–year–old man with four children" who had engaged in "extensive predatory conduct" and had exercised "extreme influence" over a 14–year–old child.

We discern no procedural error. The District Court was simply describing "the nature and circumstances of the offense and the history and characteristics of the defendant," factors which it was required to consider.[4] 18 U.S.C. § 3553(a)(1). In particular, we believe it was appropriate for the Court to comment on Garcia's age and education level in explaining why his "grooming and cultivation of the victim" was "particularly troubling" and warranted a sentence above the Guidelines range.[5]

In sum, our review of the record confirms that the District Court gave "rational and meaningful" consideration to the relevant § 3553(a) factors in imposing its sentence. *United States v. Grier,* 475 F.3d 556, 571 (3d Cir.2007) (*en banc*). Accordingly, we affirm that sentence.[6]

---

4. Although the Guidelines provide that certain factors—including a defendant's age, education, and vocational skills—are "not ordinarily relevant in determining whether a *departure* is warranted," *U.S.S.G.* §§ 5H1.1, 5H1.2 (emphasis added), the District Court imposed an upward *variance* in imposing the sentence, not an upward *departure* in calculating the Guidelines range.

5. Garcia also appears to argue that the District Court's emphasis on the influence he exercised over the victim was impermissible because that influence was the basis for a

two-level increase in his offense level. *See U.S.S.G.* § 2A3.2(b)(2). For the same reasons, the Court did not err by considering this fact in imposing an upward variance.

6. To the extent Garcia challenges the substantive reasonableness of his sentence, we reject that challenge as well, as we cannot say that "no reasonable sentencing court would have imposed the same sentence on th[is] particular defendant for the reasons the district court provided." *Tomko,* 562 F.3d at 568.