NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2628
_____

UNITED STATES OF AMERICA

v.

NEVIN SHAPIRO,
Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-10-cr-00471-001)
District Judge: Honorable Susan D. Wigenton

_____

Submitted Under Third Circuit LAR 34.1(a)
November 16, 2012

Before: RENDELL, FUENTES and CHAGARES, Circuit Judges

(Opinion Filed: November 30, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Defendant Nevin Shapiro appeals the District Court's judgment of sentence

contending that it was substantively unreasonable. For the following reasons, we will

affirm.

We write principally for the benefit of the parties and therefore recount only the facts essential to our review.

Shapiro executed a Ponzi-type scheme between 2005 and 2009, in which he raised over $930,000,000 from investors throughout the United States. As a result, over 60 investors lost more than $82,000,000 in investments. Shapiro, a compulsive gambler, spent lavishly during this time and racked up more than $9,000,000 in gambling debts. To fund life as a high-roller, Shapiro stole more than $35,000,000 from the investments he solicited.

On July 14, 2010, Shapiro was indicted on two counts of money laundering, two counts of wire fraud, one count of securities fraud, and one count of conspiracy to commit securities and wire fraud. Pursuant to a plea agreement, on September 15, 2010, Shapiro pleaded guilty to one count of money laundering in violation of 18 U.S.C. § 1957 and one count of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff(a).

At sentencing on June 7, 2011, the parties and the District Court calculated an offense level of 35 and a criminal history category of I under the United States Sentencing Guidelines with a recommended sentence of 168 to 210 months' imprisonment. After hearing arguments from the parties and analyzing the case in light of the factors described in 18 U.S.C. § 3553(a), the District Court decided to vary upward to an offense level of 37 and the corresponding Guidelines range of 210 to 262 months,

which it believed more accurately reflected the seriousness of Shapiro's crimes. The District Court imposed a sentence of 240 months' imprisonment. This appeal followed.[1]

## II.

If the District Court's sentence is procedurally sound, this Court will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the District Court provided. *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). "[W]e will uphold an above-the-guidelines sentence so long as it is reasonable and the district court's statement of reasons supports it." *United States v. Colon*, 474 F.3d 95, 99 (3d Cir. 2007).

Here, the District Court adequately explained why it chose to vary upward, emphasizing Shapiro's leadership role in the scheme, the duration of the scheme, the magnitude of the loss, the number of victims, and Shapiro's continued willingness to blame others and soil their reputations. Given all of this, the sentence was substantively reasonable.[2]

## III.

Accordingly, we will affirm the judgment of the District Court.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] Furthermore, as the District Court made Shapiro aware during the sentencing hearing, it was under no obligation to follow the sentence recommendation in the plea agreement. Shapiro's request to vacate his plea is wholly unsupported.