

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2009

# USA v. Hall

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2026

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Hall" (2009). *2009 Decisions*. Paper 1668.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1668

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2026
_____

UNITED STATES OF AMERICA

v.

CLARENCE HALL,
                              Appellant


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 06-cr-00177)
District Judge: Honorable James T. Giles
_____

Submitted Under Third Circuit LAR 34.1(a)
January 6, 2009

Before: CHAGARES, HARDIMAN, *Circuit Judges* and GARBIS,[*] *District Judge.*

(Filed: March 27, 2009)

_____

OPINION OF THE COURT
_____

GARBIS, *District Judge.*

---

[*] The Honorable Marvin J. Garbis, Senior District Judge for the United States District Court for the District of Maryland, sitting by designation.

Appellant, Clarence Hall ("Hall"), convicted on a plea of guilty to bank robbery charges, appeals from a 200 month sentence (twelve months higher than the top of the applicable Sentencing Guideline range) imposed by Judge James T. Giles of the Eastern District of Pennsylvania.

For the reasons set forth herein, we affirm.

I.

Because we write exclusively for the parties, we will recount only those facts essential to our decision.

In early 1990, Hall committed seven bank robberies in Philadelphia, was arrested, charged, pleaded guilty and was sentenced by Judge James T. Giles[1] to 75 months and three years of supervised release. Hall was released from prison and placed on supervised release in 1995. In 1998, he was sentenced by Judge Giles to serve an additional nine months in prison for violation of conditions of his supervised release. Hall completed this sentence in November 1998.

In December 1998 and January 1999, less than two months after his release from prison, Hall engaged in seven more bank robberies. He was charged, convicted and sentenced – by a Judge other than Judge Giles this time – to 70 months of incarceration with a term of three years of supervised release. Hall was released from prison and was

---

[1] The same District Judge who, sixteen years and thirteen bank robberies later, imposed the sentence at issue herein.

placed on supervised release in March 2004. Hall proceeded to violate conditions of supervised release. By February 2006, he had absconded from a residential drug treatment facility, cut off contact with his probation officer and commenced another series of bank robberies. From February 15, 2006 to March 8, 2006, Hall engaged in another six bank robberies. He was arrested, charged, pleaded guilty and came before Judge Giles for the sentencing at issue.

At sentencing Hall was found to be a Career Offender[2] subject to an advisory Sentencing Guidelines range of 151-188 months' imprisonment. Judge Giles sentenced Hall to 200 months' imprisonment, twelve months above the Guidelines range.

Hall contends that Judge Giles departed from the Sentencing Guideline range without giving advance notice of his intent to do so as required by Rule 32(h).[3] He also contends that Judge Giles did not provide an opportunity to comment on the sentence in violation of Rule 32(i)(1)(C).

Because Hall did not present these issues to the District Court, the Court shall apply the plain error standard. *United States v. Couch*, 291 F.3d 251, 252 (3d Cir. 2002).

---

[2] *See* U.S.S.G. Section 4B1.1.

[3] All Rule references are to the Federal Rules of Criminal Procedure.

II.

District courts must follow a three step process in sentencing proceedings post

*United States v. Booker*, 543 U.S. 220 (2005). As stated by this Court:

> (1)  District courts must continue to calculate a defendant's Guidelines Sentence precisely as they would have before Booker . . .
>
> (2)  In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation . . .
>
> (3)  Finally, they are required to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

*United States v. Gunter*, 462 F.3d 237, 247 (3rd Cir. 2006) (internal quotation marks, citations and alterations omitted). Accordingly, when a sentence diverges from the initially calculated Guidelines range, the divergence can be based upon a departure (step 2) or a variance (step 3).

A "departure" is a divergence from the originally calculated range "for reasons contemplated by the Guidelines themselves (under U.S.S.G. § 4A1.3 and Ch. 5, Pt. K)." *United States v. Jackson*, 467 F.3d 834, 837 n.2 (3d Cir. 2006). In contrast, a "variance" is a divergence from Guidelines sentencing based on an exercise of the sentencing court's discretion in consideration of the 18 U.S.C. § 3553(a) factors. *United States v. Floyd*, 499 F.3d 308, 311 (3d Cir. 2007).

4

Rule 32(h) provides:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

In view of Rule 32(h), it is important for sentencing courts to distinguish between a departure and a variance as each is subject to different requirements. *Floyd*, 499 F.3d at 311.

Appellant argues that he is entitled to resentencing because the District Court did not expressly articulate whether the sentence included a departure or a variance. However, at sentencing Judge Giles provided an adequate articulation that he was not departing from the Guideline Range based upon Guideline provisions that would authorize a departure. Rather, his statements made it clear that he was varying from a Guideline sentence in the exercise of his sentencing discretion in consideration of the 18 U.S.C. § 3553(a) factors.

In this regard, Judge Giles stated, following defense counsel's request for a sentence within the 151 to 188 month Guideline range, a rationale based upon consideration of § 3553(a) factors:

> The sentence in the case is 200 months. A reasonable sentence in this case could be 20 years. And but for the national averages suggested by the Sentencing Guidelines the sentence would be 20 years. The Court has opted to impose less of a

sentence out of consideration of the Sentencing Guidelines [§ 3553(a)(4)] and that is 200 months.

There is a psychological reason for imposing a sentence above the Sentencing Guidelines and that is to impress upon the defendant the seriousness of the offense [§ 3553(a)(2)(A)] and the strong desire of the Court to protect the public from more activity of the kind that he has thus far demonstrated [§ 3553(a)(2)(C)].

The record of the defendant shows that there is a high likelihood that whenever he is released from prison he will resume bank robbery activity [§ 3553(a)(1)]. Hopefully he will not, but his record indicates that rehabilitative approaches to sentencing of him in the past have not deterred him from robbing banks [§ 3553(a)(2)(B)].

This sentence is designed to be fair, but punitive in the sense of impressing upon this defendant that *the Court is not bound by the Sentencing Guidelines* [emphasis added].

* * *

The sentence, in the Court's opinion, is punitive, but not greater than is necessary for the offenses committed and it is also rehabilitative [§ 3553(a)].

App. 41-42, 44. And, Judge Giles concluded by asking counsel:

Are there any 3553(a) factors that you want me to address that I may not have explicitly addressed?

*Id.* at 46.

The Court concludes that Judge Giles articulated that he was varying rather than departing from the Sentencing Guideline range. Accordingly, Appellant was not entitled to advance notice under Rule 32(h). *See Irizarry v. United States*, 128 S.Ct. 2198 (2008); *United States v. Vampire Nation*, 451 F.3d 189, 197 (3d Cir. 2006).

6

Hall contends that Judge Giles did not afford his attorney the opportunity to comment on the District Court's variance from the Guideline range. Rule 32(i)(1)(C) provides:

> At sentencing, the court . . . must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence . . .

Of course, Judge Giles did expressly provide such an opportunity. After announcing what the sentence would be, Judge Giles asked counsel: "Are there any 3553(a) factors that you want me to address that I may not have explicitly addressed?" Defense counsel responded: "Nothing from the defense." Nevertheless, Hall contends that this opportunity, afforded after the District Judge expressed his intent regarding the sentence, was not in compliance with Rule 32(i)(1)(C).

The matter has not been addressed by this Circuit. However, in the context of a departure, the United States Court of Appeals for the Fourth Circuit stated:

> By the time the parties received notice that an upward departure was under consideration, the court had already made a final ruling on the issue. The court did not solicit arguments from counsel before announcing the ruling. Thus, the sole option left to [the defendant] was to request reconsideration of a decision that had already been announced and incorporated into a judgment. This is not equivalent to proper adversarial process before a decision is reached; on the contrary, once a sentence is announced, both the specific constrictions of Rule 35(c) and the general inertia of the decision making process impose substantial burdens on a party seeking to modify a sentence.

*United States v. Spring*, 305 F.3d 276, 282 (4th Cir. 2002).

In the instant case, the intended sentence had been announced but not incorporated in a judgment. Moreover, there is no reason to conclude that Judge Giles, having asked for comments would not have given due consideration to whatever defense counsel chose to present. Futhermore, Hall had ample opportunity to comment on all of the pertinent § 3553(a) factors and could hardly have been surprised by the Court's stated reasons for varying. As stated by the Supreme Court in *Irizarry* (quoting *United States v. Vega-Santiago*, 519 F.3d 1, 5 (1st Cir. 2008)):

> In the normal case a competent lawyer . . . will anticipate most of what might occur at the sentencing hearing-based on the trial, the pre-sentence report, the exchanges of the parties concerning the report, and the preparation of mitigation evidence. Garden variety considerations of culpability, criminal history, likelihood of re-offense, seriousness of the crime, nature of the conduct and so forth should not generally come as a surprise to trial lawyers how have prepared for sentencing.

*Irizarry*, 128 S. Ct. at 2203.

Moreover, even if there had been a failure to comply with Rule 32(i)(1)(C), in view of the absence of objection in the District Court, Hall would have to show that the error was obvious under the law and affected "substantial rights, that is, the error affected the outcome of the proceedings." *Johnson v. United States*, 520 U.S. 461, 467 (1997). Hall has, by no means, done so.

Hall now claims that given the chance, he could have refuted the upward variance by arguing that the recidivism concerns motivating the District Judge to impose an

8

upward variance were already accounted for in the calculated Guideline range.  But this argument was implicit in Hall's general argument that the District Judge should impose a below-Guidelines sentence, which was made prior to sentencing.  Moreover, it was clear that Judge Giles – who, coincidentally, had a judicial history with Hall and – was exercising his discretion under § 3553(a) to consider Hall's especially egregious risk of recidivism that was above and beyond that accounted for by the Guidelines.

Hall has not presented any viable argument that could have affected the District Judge's decision to vary upward by twelve months from the Sentencing Guideline range.  Consequently, he cannot show that the outcome would have been different but for the alleged error, and the high standard of plain-error review is not met.  *See United States v. King*, 454 F.3d 187 (3d Cir. 2006) (failure to properly calculate Guideline range before applying § 3553(a) factors was erroneous but not plain error because the basis of the variance was clear and permissible).  Accordingly, even if there was a violation of Rule 32(i)(1)(C), there was no plain error warranting reversal.

For the foregoing reasons, we affirm the judgment of the District Court.