

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-27-2007

# USA v. Floyd

Precedential or Non-Precedential: Precedential

Docket No. 06-1513

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Floyd" (2007). *2007 Decisions.* Paper 486.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/486

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-1513

———


UNITED STATES OF AMERICA


v.


BENNAE FLOYD,


<u>Appellant</u>.


———


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 02-cr-00295-6)
District Judge:  Honorable Christopher C. Conner

———


Argued on January 22, 2007


Before: SCIRICA, <u>Chief Judge</u>, FUENTES and CHAGARES,
<u>Circuit Judges</u>.


(Filed: August 27, 2007)

John A. Abom (Argued)
Abom & Kutulakis
36 South Hanover Street

Carlisle, PA 17013

Attorney for Appellant

Christy H. Fawcett
Lorna N. Graham (Argued)
Office of the United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108

Attorney for Appellee

───────

OPINION OF THE COURT

───────

FUENTES, Circuit Judge.

In this sentencing appeal, the District Court granted a downward departure on account of Bennae Floyd's substantial assistance to the government, but sentenced her within the originally calculated Guidelines range. In doing so, the Court departed from a previously imposed sentence that we vacated in a prior appeal. For the reasons that follow, we will again vacate and remand for resentencing.

## I. Factual and Procedural Background

In 2004, Floyd was indicted on various counts arising from a conspiracy to distribute at least 50 grams of crack cocaine and 5 kilograms of cocaine powder.[1] Pursuant to a plea agreement, Floyd pleaded guilty to just one count of traveling interstate or causing others to travel interstate to facilitate drug trafficking, which carried a maximum sentence of 60 months in prison. 18 U.S.C. §

─────────────

[1] We previously recited a more detailed procedural history of this case in United States v. Floyd, 428 F.3d 513 (3d Cir. 2005) ("Floyd I").

-2-

1952(a)(3). In exchange for pleading guilty, the government agreed to dismiss the remaining charges and to request a downward departure based on Floyd's substantial assistance with the government's prosecution of her co-defendants.[2]

At Floyd's sentencing hearing, however, the government did not move for a downward departure—in the government's view, its dismissal of Floyd's remaining charges resulted in a sufficient reduction in her sentence.[3] With no departure motion before it, the District Court calculated an applicable Guidelines range of 41 to 51 months and sentenced Floyd to 48 months in prison.

Floyd appealed, arguing that the government breached its promise to move for a downward departure. Floyd I, 428 F.3d at 514. We agreed with Floyd, reasoning that "the [g]overnment did not reserve the right not to recommend a downward departure on the ground that the charge bargain turned out to be more favorable than it had originally anticipated." Id. at 517. We remanded to the District Court to determine whether Floyd's assistance was "substantial." Id. at 518. On remand, however, the government chose to forego an evidentiary hearing and simply moved for the downward departure.

At Floyd's resentencing, the District Court incorporated its prior rulings that established a Guidelines range of 41 to 51 months. With respect to the government's motion to depart, it

_____

[2] Guidelines Section § 5K1.1 provides that the government may move for a downward departure when a defendant has provided "substantial assistance in the investigation or prosecution of another person who has committed an offense." U.S. Sentencing Guidelines Manual § 5K1.1 (2003). The day before entering her plea, Floyd met with a co-defendant to persuade him to plead guilty. That co-defendant, as well as two others, decided to plead guilty shortly thereafter.

[3] Had Floyd been convicted of all charges set forth in the indictment, she would have faced a potential Guidelines range of 292 to 365 months, as compared to the 60-month statutory maximum she faced on the drug trafficking charge.

ruled:

> Assessing all the factors enumerated in section
> 5K1.1, and giving weight to the government's
> evaluation of the defendant's assistance, the court
> concludes that this case marginally meets the criteria
> for a downward departure from the original sentence
> of 48 months. Therefore the court will grant the
> motion.

(App. 47-48.) As a result, the Court reduced the original sentence
of 48 months by 6 months. The Court then stated that the sentence
"satisfie[d] the purposes" of the factors outlined in 18 U.S.C. §
3553(a), and, without altering Floyd's sentence further, imposed
the sentence of 42 months. (App. 52-53.)

Floyd's attorney objected, arguing that despite having
granted the government's departure motion, the Court had "in
essence . . . imposed a guideline sentence, just downward from the
initial sentence." (App. 56.) Defense counsel asked whether the
Court had intended to "not downwardly depart . . . from the
guideline but simply depart downward from the initial sentence?"
(Id.) The Court responded that it had, in fact, granted a downward
departure, explaining:

> The decision of 42 months does reflect a downward
> departure, and we have the benefit of an original
> sentence, and rather than go through the calculation
> of what my offense level arrived at in terms of a
> guideline, I thought it better just to give you the
> specific sentence departure. So I don't think it's
> accurate to say that the departure doesn't reflect the
> court's assessment of the guideline range.

(App. 56-57.)[4]

---

[4] The District Court also stated that "I departed downward
approximately 12.5 percent from the original sentence, and that
also reflects a departure in the offense level. A departure of 10
percent results in a guideline range of 36.9 to 45.9 months. 12

-4-

On appeal, Floyd asks us to remand for resentencing because the District Court never provided her the benefit of the departure it granted.

## II. Discussion

### *A.*

The Supreme Court rendered the Sentencing Guidelines advisory in United States v. Booker, 543 U.S. 220 (2005), and we now review sentences for reasonableness, United States v. Cooper, 437 F.3d 324, 326-27 (3d Cir. 2005). In spite of these changes, district courts must still calculate an applicable Guidelines range and rule on any motions for departure. United States v. King, 454 F.3d 187, 196 (3d Cir. 2006). We have thus described post-Booker sentencing as proceeding in the following three steps:

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker.
>
> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force.
>
> (3) Finally, they are required to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006) (internal quotation marks, citations, and alterations omitted). This process serves to clarify the basis for the sentence imposed. See United

percent would be slightly more than that." (Id. at 56.)

-5-

States v. Jackson, 467 F.3d 834, 838-39 (3d Cir. 2006). The calculations of the first two steps provide "a natural starting point" from which a court exercises its discretion at step three. Cooper, 437 F.3d at 331.

Under the advisory Guidelines regime, we have distinguished between two types of sentence that diverge from the original Guidelines range. See United States v. Vampire Nation, 451 F.3d 189, 195 & n.2 (3d Cir. 2006) (adopting distinction between departures and variances). A traditional sentencing "departure" diverges at step 2 from the originally calculated range "for reasons contemplated by the Guidelines themselves." Jackson, 467 F.3d at 837 n.2. In contrast, a "variance" diverges at step 3 from the Guidelines, including any departures, based on an exercise of the court's discretion under § 3553(a). Gunter, 462 F.3d at 247 n.10. Although a departure or a variance could, in the end, lead to the same outcome—i.e., a reduction (or increase) in sentence as compared to the originally calculated range—it is important for sentencing courts to distinguish between the two, as departures are subject to different requirements than variances.[5]

*B.*

The District Court sentenced Floyd without the benefit of our recent decisions distinguishing between variances and departures, and clarifying the preferred three-step sentencing

---

[5] For example, in United States v. Colon, 474 F.3d 95 (3d Cir. 2007), we held that a district court did not err in failing to engage in a "ratcheting" procedure applicable to upward departures because it imposed an above-Guidelines sentence as a variance, not a departure. Id. at 99 & n.8. Moreover, in Vampire Nation, we held that the notice requirement for upward departures would not apply to variances. 451 F.3d at 197; see also Fed. R. Crim. Pro. 32(h). Importantly, we observed in Vampire Nation that sentencing courts should "be careful to articulate whether a sentence is a departure or a variance from an advisory Guidelines range," 451 F.3d at 198, and we have noted that this terminology "aid[s] our review of criminal sentences." Jackson, 467 F.3d at 837 n.2.

process.  The parties nevertheless agree that the disputed action of the District Court involved a departure, rather than a variance, and it is clear from the record that the Court granted a departure motion under § 5K1.1, rather than varying Floyd's sentence based on the factors listed at § 3553(a).  The parties dispute only whether the Court properly effected the departure it granted.

Floyd argues that a downward departure under the Guidelines must result in a sentence below the otherwise applicable range and that the District Court "misunderstood the definition of a downward departure."  Floyd's Br. at 9.  In our view, her challenge relates to whether the Court properly determined, at step 2 of the Gunter process, how its departure "affect[ed] the [original] Guidelines calculation."  Gunter, 462 F.3d at 247.

For the reasons that follow, we conclude that the manner by which the District Court reduced Floyd's sentence—that is, from a prior sentence of 48 months to a new sentence of 42 months—was inconsistent with proper sentencing procedure.[6]

---

[6] We note that Floyd does not challenge the District Court's specific method for reducing her sentence on account of the departure motion.  Post-Booker, § 5K1.1 continues to set out the considerations relevant to the "appropriate reduction."  See United States v. Torres, 251 F.3d 138, 146 (3d Cir. 2001) (listing the factors to be considered).  However, it does not specify the method by which to effectuate that reduction, and we have suggested that courts have latitude in choosing their methodology.  United States v. Faulks, 143 F.3d 133, 137 n.2  (3d Cir. 1998).  Indeed, we have reviewed § 5K1.1 departures effected by various methods.  See, e.g., Torres, 251 F.3d at 151 (approving § 5K1.1 departure of one-month from bottom of calculated range); United States v. Casiano, 113 F.3d 420, 428, 431 (3d Cir. 1997) (affirming § 5K1.1 departure of 3 offense levels, resulting in reduced range).  Unlike § 5K1.1, other departure provisions refer explicitly to departing by means of a reduction in the applicable offense level or criminal history category.  See U.S.S.G. § 5K3.1 (2003) (allowing a downward departure of no more than "4 levels" under "early disposition program"); U.S.S.G. § 4A1.3 (2003) (providing for departures by adjusting a defendant's criminal history category).

*C.*

The parties agree that the Guidelines define the phrase "downward departure" but dispute whether the § 5K1.1 "departure" granted by the District Court falls within that definition.[7] The Application Notes to Guideline § 1B1.1 define a "[d]eparture" as the "imposition of a sentence outside the applicable guideline range or of a sentence that is otherwise different from the guideline sentence." U.S.S.G. § 1B1.1 cmt. n.1(E) (2003).[8] The Notes offer two definitions of a *downward* departure: either (1) a "departure that effects a sentence less than a sentence that could be imposed under the applicable guideline range" or (2) "a sentence that is otherwise less than the guideline sentence." Id.

Under the first definition, the sentence reached after granting a departure motion must be less than the bottom of the otherwise applicable Guidelines range. In this case, after granting the departure motion, the District Court arrived at a sentence of 42 months. Because this sentence was within the originally calculated range of 41 to 51 months, it was clearly not a departure under the first definition.

---

[7] The Guidelines definitions cited by the parties were added by amendment in 2003 pursuant to the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 ("the PROTECT Act"), Pub. L. No. 108-21, § 401(m), 117 Stat. 650, 675. The stated purpose of this amendment was simply to "provide uniform definitions of departure, upward departure, and downward departure." U.S.S.G. app C, vol II, amend. 651, at 366 (2003).

[8] A separate definition is provided for departures under § 4A1.3, a provision that addresses departures from the applicable criminal history category. A departure under that provision is the "assignment of a criminal history category other than the otherwise applicable criminal history category, in order to effect a sentence outside the applicable guideline range." Id.

The government argues, however, that the District Court's reduction in Floyd's sentence falls within the second definition, under which a downward departure is "otherwise less than the guideline sentence." It contends that the original 48-month sentence was "the guideline sentence," and that the Court's 42-month sentence was therefore "otherwise less than the guideline sentence." We do not agree. The government cites no authority for departing from a previously-imposed, vacated sentence, and we do not believe the second definition was intended to enable such a procedure.

Presumably, the government's basis for considering the 48-month sentence to be "the guideline sentence" is that it falls within the applicable Guidelines range and was imposed pursuant to the Guidelines. Under such a view, however, every sentence that is lower than a within-range sentence can be considered "otherwise less than the guideline sentence" (and thus a downward departure), even when it is within the applicable range. This reading would effectively nullify any distinction between simply reducing a sentence within a range and formally departing from it.

Moreover, this reading would conflict with what we stated in our first opinion in this case. In remanding to the District Court, we remarked that the government's motion for a downward departure under § 5K1.1 "offered Floyd the hope of a downward departure *from the sentencing guideline range*." Floyd I, 428 F.3d at 518 (emphasis added). This language mirrored the terms of the government's agreement with Floyd, which stated that, should Floyd provide "substantial assistance," the government would "request the Court to depart *below the guideline range* when fixing a sentence." (A22 (emphasis added).) Similarly, we have previously stated that "when someone is promised the possibility of 'a departure from the guidelines' under U.S.S.G. § 5K1.1, he or she may reasonably expect to be afforded the possibility of a sentence *below the guideline range*." United States v. Faulks, 143 F.3d 133, 136 (3d Cir. 1998) (emphasis added); see also United States v. Torres, 251 F.3d 138, 145 (3d Cir. 2001) ("Reducing a sentence under § 5K1.1 . . . permits a sentencing judge to depart *from the Guidelines range* based upon a defendant's substantial

assistance.") (emphasis added).[9]  Accordingly, the District Court should have considered a departure from the calculated range of 41 to 51 months, not from the vacated sentence of 48 months.  As the Guidelines definitions suggest, such a departure would have contemplated a sentence below 41 months, the bottom of that range.[10]

Furthermore, we observe that by departing from a previously imposed sentence, rather than from the calculated Guidelines range, the District Court effectively inverted the sentencing procedure laid out in Gunter.  Under the three-step

---

[9] We note that the phrase "the guideline sentence" also appears in § 5G1.1.  Under that provision, a statutory minimum becomes "the guideline sentence" when it is greater than the top of the applicable Guidelines range.  U.S.S.G. § 5G1.1(b) (2003).  See United States v. Booth, 432 F.3d 542, 547 n.7 (3d Cir. 2005) ("[Had defendant's] statutory minimum sentence . . . been greater than his possible guideline sentence, [then] the 60-month statutory minimum sentence would have been the guideline sentence pursuant to section 5G1.1(b).").  Conversely, a statutory maximum becomes "the guideline sentence" when it is lower than the bottom of the Guidelines range.  § 5G1.1(a).

The second definition encompasses a downward departure from such a statutory minimum.  See United States v. Cordero, 313 F.3d 161, 165 (3d Cir. 2002) (affirming § 5K1.1 downward departure from 120-month statutory minimum, as "the guideline sentence" under § 5G1.1(b), rather than from Guidelines range of 63 to 78 months).  A statutory minimum is not involved in this case.

[10] The District Court mentioned, as an alternative way to view its reduction in Floyd's sentence, that the sentence "also reflect[ed]" a departure in the applicable range.  (App. 56-57.) This statement, however, does not make clear that the District Court was actually considering below-range sentences on account of the departure motion, particularly because the Court repeatedly stated that it was departing from the original sentence.

process, district courts are asked to rule on departure motions before balancing the § 3553(a) factors, and just after calculating the applicable Guidelines range. Here, the District Court departed from the sentence it originally imposed and therefore effectively departed *after* balancing the factors (assuming the 48-month sentence resulted from statutory balancing). This inversion of the sentencing process makes it impossible for us to review effectively the basis for the sentence. Cf. King, 454 F.3d at 196-97 ("[District courts] should observe the requirement to state adequate reasons for a sentence on the record so that this court can engage in meaningful appellate review.").

This is not to say that a 42-month sentence is necessarily unreasonable, or that the Court could not have reached that sentence. The Court, for example, could have departed below the 41 to 51 month range (at step 2), and then varied upward within the range by balancing the § 3553(a) factors (at step 3). We would review for reasonableness. Moreover, as we noted in Faulks, the Court could have "denied the motion for a departure and then gone on to acknowledge [Floyd's] substantial assistance by sentencing lower in the guideline range than it would otherwise have done." 143 F.3d at 137.[11]

Here, after assessing the factors under § 5K1.1, the Court stated that Floyd's assistance "marginally [met] the criteria for a downward departure from the original sentence of 48 months." (App. 48.) From this statement, it is unclear whether the Court meant that Floyd's assistance satisfied the requirements for a § 5K1.1 departure (thereby warranting consideration of a sentence below the Guidelines range), or if Floyd's assistance warranted only a reduction within the range (but not a departure below it). Without speculating about the Court's preferred course of action, we cannot determine which option it intended.

## III. Conclusion

---

[11] We recognized in Faulks that failing to engage in this procedure—i.e., granting a § 5K1.1 motion but arriving at an in-range sentence—tends to raise questions about, for example, "what sentence the judge actually intended" Id.

For the reasons stated, we vacate the sentence and remand for resentencing.