NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  07-4362
_____

UNITED STATES OF AMERICA

v.

REYES REYNOSO-GUERRERO,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No.  06-cr-00216)
District Judge: Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
April 16, 2010

Before:  SLOVITER and HARDIMAN, *Circuit Judges*
and POLLAK[*], *District Judge*.

(Filed:  April 21, 2010)

_____

---

[*] Honorable Louis H. Pollak, Senior Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

_____

HARDIMAN, *Circuit Judge*.

Reyes Reynoso-Guerrero (Reynoso) appeals his judgment of sentence after he pleaded guilty to distributing and possessing cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Following his counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), Reynoso filed a *pro se* brief, claiming: (1) the District Court failed to fully consider the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) the District Court miscalculated his Sentencing Guidelines range because it misunderstood our decision in *United States v. Floyd*, 499 F.3d 308 (2007); and (3) he must be resentenced in light of our intervening decision in *United States v. Arrelucea-Zamudio*, 581 F.3d 142 (3d Cir. 2009). We will grant counsel's motion to withdraw and affirm the District Court's judgment of sentence.

## I.

When appointed counsel seeks to withdraw, we determine whether: (1) counsel adequately fulfilled the *Anders* requirements, and (2) an independent review of the record presents any nonfrivolous issues. *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). To meet the first prong, counsel must examine the record, conclude that there are no nonfrivolous issues for review, and request permission to withdraw. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Counsel must accompany a motion to withdraw

2

with a "brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. Counsel need not raise and reject every possible claim, but must, at a minimum, meet the "conscientious examination" standard set forth in *Anders*. *Youla*, 241 F.3d at 300.

As to the first *Anders* prong, counsel represents that he has "fully researched" all the aspects of Reynoso's case and has been "unable to . . . identify a basis for an appeal." With respect to arguably meritorious issues, counsel notes potential deficiencies in the plea colloquy. Counsel also represents that Reynoso has not expressed any desire to withdraw his guilty plea, and "cannot conclude, in good conscience . . . that it is in his client's best interest" to do so because Reynoso received "extremely favorable sentencing terms" pursuant to his plea bargain. This view is consistent with Reynoso's *pro se* brief, in which he explicitly limits his appeal to the length of his sentence.

As we shall explain, our independent review of the record confirms counsel's conclusion that there are no meritorious issues for appeal.

## II.

At sentencing, district courts must: (1) calculate the advisory Guidelines range; (2) rule on all motions made pursuant to the Guidelines for a departure from that range; and (3) reach a final sentence by considering the Guidelines along with the other sentencing factors enumerated in 18 U.S.C. § 3553(a). *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). "We review a district court's legal conclusions regarding the Guidelines

3

*de novo*, its application of the Guidelines to the facts for abuse of discretion, and its factual findings for clear error." *United States v. Blackmon*, 557 F.3d 113, 118 (3d Cir. 2009).

**A.**

Reynoso claims the District Court did not properly consider the § 3553(a) factors because it failed to discuss several facts he deemed highly relevant. We note at the outset that a sentencing court need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006).

Here, although the District Court did not recite all of the § 3553(a) factors, it considered and responded to each of Reynoso's asserted bases for a mitigated sentence. Reynoso's counsel argued for lenience because of his client's acceptance of responsibility, cooperation with the Government, and allegedly limited criminal history. The District Court not only considered these issues, but granted an offense-level reduction for acceptance of responsibility and a downward departure for substantial assistance. The District Court also corrected the record when Reynoso's counsel neglected to mention one of his client's prior convictions for drug possession, and later stated that Reynoso's offense was "made somewhat more serious by the fact that this is the third time the defendant has been involved with drugs." App. at 29. The District Court recognized that Reynoso's previous convictions, which were merely for

4

possession, involved only "fooling around with drugs," but nevertheless expressed its view that "a punishment here is appropriate." *Id.* at 30. The District Court also expressed the hope that Reynoso's sentence would deter him and others from committing future crimes and would provide him with drug treatment. *Id.* at 30.

Reynoso contends the District Court failed to consider his deportability, his limited education and functional illiteracy[1], and his drug addiction. Significantly, however, Reynoso did not note any of these grounds for a lower sentence at his sentencing hearing.[2] Consequently, we will vacate Reynoso's sentence only if the District Court committed plain error that prejudiced Reynoso. *United States v. Lloyd*, 469 F.3d 319, 321 (2006) (plain-error standard); *United States v. Merlino*, 349 F.3d 144, 161 (3d Cir. 2003) (requirement of prejudice). Our review of the record leads us to conclude that the District Court committed no error in this regard, much less plain error.

Reynoso also contends, for the first time on appeal, that the District Court improperly failed to consider the disparity between his 96-month sentence and the 36-month term received by his partner in crime, Jorkhino Rohena. As the Government points out, however, Reynoso's Presentence Investigation Report indicates that Rohena's

---

[1] Reynoso acknowledges that his *pro se* brief was prepared by a "jailhouse lawyer." That brief, we should note, is a model of clarity and coherence despite its lack of persuasive force.

[2] His counsel did mention in passing that Reynoso will be deported, but did not suggest that this was a reason for a lower sentence. *Id.* at 25. The District Court's failure to respond to this passing statement was not error.

5

involvement in the drug enterprise was limited to consummating sales of crack cocaine that were negotiated and authorized by Reynoso. Given this clear difference in culpability between Reynoso and Rohena, we find no error in the District Court's omission of the disparity issue from its discussion of the § 3553(a) factors.

In sum, we hold that the District Court did not commit procedural error in its evaluation of the § 3553(a) factors.

**B.**

Reynoso also argues that his sentence must be vacated because the District Court did not understand the law regarding downward departures as articulated in *United States v. Floyd*, 499 F.3d 308 (2007). In *Floyd* we vacated a 42-month sentence imposed after the District Court granted a downward departure for substantial assistance under USSG § 5K1.1 when Floyd's Guidelines range was 41 to 51 months prior to the departure.

Contrary to Reynoso's contentions, the District Court here properly understood and applied *Floyd*. Reynoso's Guidelines range was 100 to 125 months imprisonment in light of his base offense level of 27 and criminal history category of IV. The Government moved for—and the District Court granted—a two-level downward departure under USSG § 5K1.1. After granting the motion for downward departure, the District Court expressed its view that it could not sentence Reynoso to more than 99 months, and imposed the 96-month sentence.

**C.**

Finally, Reynoso argues that a remand is necessary so the District Court can reconsider his sentence in light of our decision in *United States v. Arrelucea-Zamudio*, 581 F.3d 142 (3d Cir. 2009). In *Arrelucea-Zamudio* we considered sentencing disparities created by "fast-track" programs to expedite immigration crimes. We held that in districts where no "fast-track" program is offered—such as all the districts in this Circuit—courts have the authority under § 3553(a)(6) to vary downward in appropriate cases to avoid unwarranted disparities with defendants sentenced in fast-track districts. *Id.* at 157. As Reynoso concedes, however, his crime of conviction would not have rendered him eligible for fast-track disposition even had he been convicted in a jurisdiction that has a fast-track program. Therefore, our decision in *Arrelucea-Zamudio* is immaterial to Reynoso's sentence.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court and, in a separate order, grant counsel's motion to withdraw.