**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4778**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

COURTNEY HARRIS,

                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western
District of Virginia, at Big Stone Gap.  James P. Jones, Chief
District Judge.  (2:09-cr-00002-jpj-pms-1)

───────────

Submitted:  July 20, 2010          Decided:  August 6, 2010

───────────

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Larry W. Shelton, Federal Public Defender, Randy V. Cargill,
Assistant Federal Public Defender, Roanoke, Virginia, for
Appellant.  Timothy J. Heaphy, United States Attorney, Debbie H.
Stevens, Special Assistant United States Attorney, Abingdon,
Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Courtney Harris, a federal inmate, pleaded guilty without a plea agreement to ten counts of indecent exposure, in violation of 18 U.S.C. § 13 (2006) and Va. Code Ann. § 18.2-387 (2009). The district court calculated Harris' advisory Guidelines range at 24 to 30 months' imprisonment. See U.S. Sentencing Guidelines Manual (2008). The Government moved under 18 U.S.C. § 3553(a) (2006) for an upward variance, and the district court granted the Government's motion and sentenced Harris to 60 months' imprisonment. Harris appeals, asserting three grounds to vacate his sentence: first, that the district court failed to specify whether it was imposing an upward variance or an upward departure; second, that the court failed to adequately explain its rationale for imposing the sentence; and third, that the sentence is substantively unreasonable. Finding no error, we affirm.

This court reviews the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. In determining procedural reasonableness, we first assess whether the district court properly calculated the defendant's advisory

2

Guidelines range. Id. at 49, 51. We then consider whether the district court treated the Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts," or failed to explain sufficiently the selected sentence. Id. at 50-51; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We also review whether the district court made "an individualized assessment based on the facts presented." Gall, 552 U.S. at 50; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review" (internal quotation marks omitted)).

When reviewing for substantive reasonableness, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 552 U.S. at 51. We "may consider the extent of the deviation [from the recommended Guidelines range], but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id.; see United States v. Whorley, 550 F.3d 326, 342-43 (4th Cir. 2008), cert. denied, 130 S. Ct. 1052 (2010). Even if we would have imposed a different sentence, this fact alone will not

3

justify vacatur of the district court's sentence.  Whorley, 550 F.3d at 342.

Harris first challenges his sentence on the ground that the district court failed to specify whether the 60-month sentence resulted from an upward variance or an upward departure.  Whether the district court has imposed a departure or variance from the suggested Guidelines range has "real consequences for an appellate court's review" of the sentence imposed.  United States v. Brown, 578 F.3d 221, 226 (3d Cir. 2009).  Indeed, the "permissible factors justifying traditional departures differ from -- and are more limited than -- the factors a [district] court may look to in order to justify a . . . variance."  United States v. Hampton, 441 F.3d 284, 288 n.2 (4th Cir. 2006).  As departures are thus "subject to different requirements than variances," United States v. Floyd, 499 F.3d 308, 311 (3d Cir. 2007), it is important for district courts to "articulate whether a sentence is a departure or a variance from an advisory Guidelines range," Brown, 578 F.3d at 226 (internal quotation marks omitted).  Because Harris did not raise this issue in the district court, our review is for plain error.  See Puckett v. United States, 129 S. Ct. 1423, 1428-29 (2009).

We conclude that Harris has failed to establish procedural error, much less plain procedural error, in this

4

regard. The Government sought an upward variance from the Guidelines range based on certain § 3553(a) factors, and the district court granted the Government's motion, stating in its written order that it varied above the Guidelines range based on relevant § 3553(a) factors. Although the district court misspoke at the sentencing hearing, erroneously characterizing its sentence as an upward departure, it is clear from the record that the court imposed a variant sentence.[*]

Harris also claims that the district court failed to explain its decision to impose the 60-month variant sentence and that the sentence is substantively unreasonable. We disagree. The district court heard argument from Harris's counsel on the appropriate sentence, allowed Harris an opportunity to allocute, and thoroughly considered the § 3553(a) factors relevant to Harris in imposing the 60-month sentence. We have reviewed the record and conclude that the district court adequately explained

---

[*] Moreover, even if we were to assume that the district court's oral mischaracterization of the sentence somehow constituted an obvious error, Harris still bears the burden of showing that such error had a prejudicial effect on the sentence imposed. See Puckett, 129 S. Ct. at 1429, 1433 n.4. In the sentencing context, an error is prejudicial if the defendant can show "that, absent the error, a different sentence might have been imposed." United States v. Hernandez, 603 F.3d 267, 273 (4th Cir. 2010). Harris fails to make this showing, as he does not suggest that the district court's mischaracterization had any effect on the sentence imposed or that, but for it, a different sentence might have been imposed.

5

its rationale for imposing the variant sentence, that the sentence was "selected pursuant to a reasoned process in accordance with law," and that the reasons relied upon by the district court are plausible and justify the sentence imposed. Pauley, 511 F.3d at 473-76; see Carter, 564 F.3d at 330. Although Harris argues that a 60-month prison sentence is "unreasonably long," we afford "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51.

Thus, we conclude that the district court did not abuse its discretion in sentencing Harris. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED