NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2717
_____

UNITED STATES OF AMERICA

v.

JOSEPH BUSH,

Appellant.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-08-cr-00309-001)
District Judge: Honorable Legrome D. Davis
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 5, 2010

Before: SCIRICA, FUENTES, and JORDAN, Circuit Judges.

(Opinion Filed: October 28, 2010)

OPINION OF THE COURT

FUENTES, Circuit Judge:

Joseph Bush pleaded guilty to two counts of bank robbery and was sentenced to a

Guidelines-range term of 160 months' imprisonment. He appeals his sentence,

contending (1) that the District Court improperly focused upon his lengthy criminal history in its sentencing decision, and (2) that it was an abuse of discretion for the District Court not to impose a sentence below the Guidelines range. We will affirm.[1]

**I.**

Because we write primarily for the parties, we discuss the facts and history of this case only to the extent necessary to resolve the issues Bush raises on appeal. On July 13, 2007, Bush entered a Commerce Bank in Philadelphia and handed the teller a note that read, "I have two guns, will kill you and customers. Please give me all your money from both drawers. No dye packs. I want twenties, tens, fives, and ones." (App. 14.) The teller gave the note back to Bush, who stated, "I [am] serious. Just do what the note says." (Id. at 14-15.) The teller gave Bush $2,400. Bush placed the money in a plastic bag and fled.

One month later, on August 13, 2007, Bush robbed the Trumark Financial Credit Union ("Trumark") in Philadelphia. Bush approached the teller and presented a note that read, "[t]his is life or death, quiet," and demanded that the teller hand over the money. (Id. at 15.) The teller gave Bush the money in the top drawer, which included a dye pack and bait bills. Bush fled the bank and ran to the subway. Police later discovered the exploded dye pack and a dye-stained Trumark deposit envelope in a restroom in the subway concourse, and fingerprints on the envelope matched Bush's. A still frame from

---

[1] The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

Trumark's security camera depicting the robber was published in the Philadelphia Daily News, after which multiple anonymous calls to the Federal Bureau of Investigation identified Bush as the perpetrator. Bush ultimately pled guilty to two counts of bank robbery. See 18 U.S.C. § 2113(a).

The Pre-Sentence Report ("PSR") indicated that Bush was a career offender, that he was entitled to a three-level reduction for acceptance of responsibility, that his offense level was 29 and his criminal history category was VI, and that the Guidelines range for his offenses was thus 151 to 188 months' imprisonment. Bush does not challenge any aspect of the PSR on appeal. At sentencing, the District Court reviewed Bush's lengthy criminal history in considerable detail and sentenced him to 160 months' imprisonment. Bush filed this timely appeal.

## II.

Bush advances two arguments on appeal. He first contends that the District Court erred when it accounted for his extensive criminal history in explaining its sentencing decision, calling the Court's approach "vindictive[]," (Reply Br. at 15), and arguing that the sentence "punishes him double for the same old crimes." (Br. at 11.) Second, Bush challenges the substantive reasonableness of his sentence, arguing that it was an abuse of discretion for the District Court not to vary below the Guidelines and impose a 120-month sentence. Neither argument is persuasive.

Our review of whether a district court abused its discretion in imposing a sentence upon a criminal defendant is twofold. We first consider whether the sentencing court

committed any procedural errors "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). If the district court committed no procedural error, we consider the sentence's substantive reasonableness. A sentence is substantively unreasonable only if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Id. at 568.

Bush's contention that the District Court focused improperly upon his criminal history when sentencing him appears to be directed at the procedural reasonableness of his sentence. In particular, Bush argues that his past crimes were already accounted for in his criminal history category and that the District Court's emphasis upon his past crimes and his lack of remorse for prior offenses "punish[ed] him double" for "stale" offenses. (Br. at 7, 11.) The District Court did indeed focus on Bush's extensive criminal history in explaining its sentence, but we see no abuse of discretion in its decision given that the 18 U.S.C. § 3553(a) factors invite and indeed compel consideration of prior crimes. Bush had an extensive history of criminal conduct which was characterized, as the District Court explained, by a consistent and disturbing "willingness to use a weapon on total strangers to satisfy whatever [Bush's] needs are at the time." (App. 32.) Moreover, as

the District Court noted, the punishment imposed for these prior offenses appears to have had little deterrent effect on Bush—he perpetrated the instant bank robberies less than a year after serving a twenty-one-year sentence for a prior offense, and had pled guilty to at least six prior robbery/burglary offenses since 1983. Bush's history of undeterred violent crime was, as the District Court explained, relevant to multiple § 3553(a) factors, including the "history and characteristics of the defendant," id. at § 3553(a)(1), the need to "afford adequate deterrence to criminal conduct," id. at § 3553(a)(2)(B), and the need "to protect the public from further crimes of the defendant," id. at § 3553(a)(2)(C). Bush also went out of his way at the sentencing hearing to deny culpability for many of the earlier crimes to which he had previously pled guilty, a fact that the sentencing judge noted in assessing Bush's character. "[C]onsideration of [such] information about the defendant's character and conduct at sentencing does not result in 'punishment' for any offense other than the one of which the defendant was convicted." Witte v. United States, 515 U.S. 389, 401 (1995). The District Court did not abuse its discretion in considering Bush's criminal history and his lack of remorse for his prior offenses when deciding Bush's sentence.

Nor are we persuaded by Bush's challenge to the substantive reasonableness of his sentence. Bush contends that it was an abuse of discretion for the District Court not to vary below the Guidelines and sentence him to 120 months' imprisonment. He identifies many of the § 3553(a) factors that he believes would justify a below-Guidelines sentence and asks that we remand to the District Court "with directions to depart downward from

the [G]uidelines and impose a sentence of 120 months."[2] (Br. at 16-17.) Notably, Bush does not argue that the sentencing court failed to address any arguments raised with regard to the § 3553(a) factors. Rather, he argues that we should reevaluate the § 3553(a) factors de novo, supplanting our own judgment for the District Court's.

This argument is based upon a fundamental misunderstanding of our "highly deferential" review of the substantive reasonableness of a district court's sentencing decision. Tomko, 562 F.3d at 568 (citation omitted). We do not "second guess" the substance of a district court's sentence based upon a wholesale reevaluation of the § 3553(a) factors. United States v. Levinson, 543 F.3d 190, 196 (3d Cir. 2008); accord Gall, 552 U.S. at 51. Only if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided" is a sentence substantively unreasonable. Tomko, 562 F.3d at 568. Indeed, where there is no procedural error and where the sentence is within the Guidelines range, we may presume that the sentence was substantively reasonable. See Gall, 552 U.S. at 51. We certainly see no abuse of discretion in the Guidelines-range sentence imposed here and we therefore reject Bush's challenge to the substantive reasonableness of his sentence.

### III.

---

[2] Although Bush characterizes his argument favoring a 120-month sentence as one seeking a "departure," he is in fact arguing in favor of a downward variance. "A traditional sentencing departure diverges . . . from the originally calculated range for reasons contemplated by the Guidelines themselves. In contrast, a variance diverges . . . from the Guidelines, including any departures, based on an exercise of the court's discretion under § 3553(a)." United States v. Floyd, 499 F.3d 308, 311 (3d Cir. 2007). (citations and internal quotation marks omitted).

For the foregoing reasons, we will affirm.