**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4435**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ROGER JUNIOR ARTHUR, JR., a/k/a Roger Arthur, Jr., a/k/a
Busy, a/k/a Biz,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  Terrence W. Boyle,
District Judge. (7:11-cr-00055-BO-1)

———————

Submitted:  September 10, 2013    Decided:  September 27, 2013

———————

Before GREGORY, SHEDD, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Dennis H. Sullivan, Jr., SULLIVAN & WAGONER LAW FIRM,
Wilmington, North Carolina, for Appellant. Thomas G. Walker,
United States Attorney, Jennifer P. May-Parker, Joshua L.
Rogers, Assistant United States Attorneys, Raleigh, North
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Junior Arthur, Jr., pleaded guilty, pursuant to a written plea agreement, to a two-count indictment charging him with knowingly and intentionally conspiring with others to possess with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 846, and knowingly and intentionally possessing with intent to distribute a quantity of heroin, and aiding and abetting another, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Prior to sentencing, the government filed a motion for an upward departure under § 4A1.3. Arthur received a sentence of forty-one months, which was above the Sentencing Guidelines range. On appeal, Arthur argues that the district court departed upward and that it procedurally erred in doing so. He also contends his total sentence is unreasonable. Finding no error, we affirm.

Arthur argues that the district court committed procedural error when it departed upward of the Guidelines range, pursuant to U.S. Sentencing Guidelines Manual § 4A1.3(a). Arthur also argues that the forty-one-month sentence is unreasonable because it creates a sentencing disparity; it is greater than necessary to achieve the factors set forth in 18 U.S.C. § 3553(a); and the court failed to consider mitigating circumstances. The government contends that the court did not in fact impose an upward departure, but instead varied upward

outside the Guidelines range.  The government also argues that the district court imposed a reasonable sentence.

The "permissible factors justifying traditional departures differ from--and are more limited than--the factors a [district] court may look to in order to justify a . . . variance." United States v. Hampton, 441 F.3d 284, 288 n.2 (4th Cir. 2006).  As departures are thus "subject to different requirements than variances," United States v. Floyd, 499 F.3d 308, 311 (3d Cir. 2007), it is important for district courts to "articulate whether a sentence is a departure or a variance from an advisory Guidelines range." United States v. Brown, 578 F.3d 221, 226 (3d Cir. 2009) (internal quotations omitted).  However, "the method of deviation from the Guidelines range--whether by a departure or by varying--is irrelevant so long as at least one rationale is justified and reasonable." United States v. Diosdado-Star, 630 F.3d 359, 365-66 (4th Cir. 2011).

At the sentencing hearing, the court stated that "based on these facts and [§] 3553(a), I'll vary the sentence upwardly." J.A. 40 (emphasis added).  The court determined that offense level 18 with criminal history category III would result in a satisfactory sentence and the range "would be an appropriate variance." Id. (emphasis added).

This is further underscored by the written statement of reasons entered by the court.  The court did not mark the box

3

to indicate that the court departed from the advisory Guidelines range; it marked the box that it imposed a sentence outside the advisory range. See J.A. 71. The only slight indication to the contrary is that the court also marked the box for the sentence being imposed pursuant to a "government motion for a sentence outside of the advisory guideline system" not addressed in a plea agreement. J.A. 72. The government's motion was for an upward departure under USSG § 4A1.3; however, during the sentencing hearing, the court did not specifically grant the motion or state that it was departing upward. In the section for reasons that the sentence is outside the advisory Guidelines range, the court marked as reasons due to "the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)" and "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))." J.A. 72. The factors were appropriate to consider for a variance, but not an upward departure under USSG § 4A1.3. Accordingly, Arthur's arguments challenging the procedural reasonableness of his sentence as the result of an erroneous upward departure are moot and are rejected.

As to the overall reasonableness of the sentence as an upward variance, we review a sentence for reasonableness,

4

applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). The court first reviews for significant procedural error, and if the sentence is free from such error, we then consider substantive reasonableness. Id. at 51. Procedural error includes improperly calculating the Guidelines range, treating the Guidelines range as mandatory, failing to consider the § 3553(a) factors, and failing to adequately explain the selected sentence. Id. Substantive reasonableness is determined by considering the totality of the circumstances, including the extent of any deviation from the Guidelines range. Id. An upward variance is permitted where justified by the § 3553(a) factors. See id. This court must give due deference to the district court's determination that the § 3553(a) factors justify the extent of a variance, and the fact that this court might find a different sentence appropriate is insufficient to justify reversal of the district court. Id.

We conclude that Arthur's above-Guidelines sentence is reasonable. The district court properly calculated Arthur's Guidelines range, treated the range as advisory, and adequately explained the selected sentence. The court specifically explained that Arthur's above-Guidelines sentence was warranted by the facts presented by the government as well as multiple § 3553(a) factors. J.A. 40. The court was particularly concerned with Arthur's high likelihood of recidivism and the

5

significant nature of the heroin trade in Wilmington and Arthur's role in it. Accordingly, Arthur's sentence is procedurally reasonable.

Arthur's sentence is also substantively reasonable, considering the totality of the circumstances, including the extent of the variance. Though Arthur's sentence is approximately one-third higher than the high end of his Guidelines range, the district court did not abuse its discretion in determining that such a deviation was justified by the § 3553(a) factors, including Arthur's criminal history, the need to protect the public, and the need to provide adequate deterrence. We therefore conclude that Arthur's forty-one-month sentence is reasonable.

Accordingly, we affirm the judgment. We deny the government's motion to dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6