NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3223
_____

UNITED STATES OF AMERICA

v.

JOHN DOE,
Appellant
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-17-cr-____)
District Judge:  Honorable David S. Cercone
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 21, 2019
_____

Before: GREENAWAY, JR., PORTER, and COWEN, *Circuit Judges*.

(Opinion Filed:  January 3, 2020)

_____

OPINION[*]

_____

GREENAWAY, JR., *Circuit Judge*.

John Doe appeals his judgment of conviction regarding his sentence for two bank

robberies. Doe argues that the District Court improperly applied the three-step

sentencing procedure mandated in *United States v. Gunter* and that this error requires this

Court to reverse and remand for resentencing. 462 F.3d 237, 247 (3d Cir. 2006). For the

reasons set forth below, we will affirm the District Court's judgment of conviction.

## I.    BACKGROUND

After Doe pleaded guilty to committing two robberies, the government moved for

a downward departure from the Guidelines range under U.S.S.G. § 5K1.1 based on Doe's

substantial assistance in the investigation and prosecution of his co-defendant. At

sentencing, the District Court granted the government's motion for downward departure

but did not state whether or how the departure affected the Guidelines range. In addition

to the Government's motion for departure, Doe moved for a downward variance. The

District Court did not decide Doe's motion on the record, but the Court's Statement of

Reasons, filed after sentencing, indicated a departure from the Guidelines range was

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

2

based solely on the Government's § 5K1.1 motion, not a variance. The Court sentenced Doe to sixty months' imprisonment and three years of supervised release.

## II. JURISDICTION & STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

A district court's decision regarding the interpretation and application of the Guidelines is subject to plenary review. *United States v. Cothran*, 286 F.3d 173, 177 (3d Cir. 2002). But where a defendant fails to preserve the issue on appeal, the defendant's objection is reviewed for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014). To obtain relief under this standard, the appellant must show "(1) error, (2) that is plain or obvious, . . . (3) that affects a defendant's substantial rights" and that the "error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ferguson*, 876 F.3d 512, 514 (3d Cir. 2017) (quoting *United States v. Goodson*, 544 F.3d 529, 539 (3d Cir. 2008)).

## III. ANALYSIS

Doe argues the District Court improperly conflated its analysis regarding a departure from the Guidelines with its consideration of the § 3553(a) factors. Doe maintains that this procedural error compels us to reverse and remand for resentencing pursuant to *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006). But the Government

3

contends Doe did not adequately preserve this issue for appeal and Doe cannot obtain relief under plain error review. We agree with the Government.

**A. Standard of Review**

Before we get to the merits, we must first determine if Doe made a valid, contemporaneous objection requiring plenary review for any procedural error. If we find that he has not, we review for plain error. As evidence of his objection to the alleged procedural errors, Doe points to his counsel's exchange with the District Court after the Court indicated it would grant the Government's § 5K1.1 motion. This colloquy took place prior to the District Court's pronouncement of its sentence.[1] Neither the timing nor the substance of this exchange supports Doe's argument.

First, Doe must have objected both before and after the District Court's imposition of sentence to satisfy our jurisprudence. Unlike substantive errors, procedural errors may not become apparent until after the trial judge announces and explains its basis for the sentence. *Flores-Mejia*, 759 F.3d at 257 ("[A] procedural defect in a sentence may not occur until the sentence is pronounced, and, unless the objection is meaningfully dealt with earlier, no challenge to the sufficiency of the court's explanation can be made until that time.").

Second, even if the timing of Doe's alleged objection was proper, a review of the colloquy Doe references confirms that Doe did not adequately preserve his objection. In

---

[1] It is undisputed that Doe did not object after the sentence was issued.

4

the exchange, Doe's counsel made arguments for time served or a 15-month sentence. At one point, the judge interjected and stated that he would not give Doe time served, to which Doe's counsel responded by thanking the Court for giving him "a point of reference" for his variance arguments because he "didn't know where [the Court was]." App. 169.

Far from being "meaningfully dealt with," the colloquy does not show the trial judge was entertaining an objection or even understood counsel's response to be an objection. *Flores-Mejia*, 759 F.3d at 257; *United States v. Russell*, 134 F.3d 171, 179 (3d Cir. 1998) (finding an objection proper when the judge indicated he understood a disagreement and would review an issue, and when a judge convened an on-the-record meeting to specifically discuss objections to a jury charge). Doe contends that the language his counsel used—that he didn't "know where" the judge was in terms of a Guidelines range—was enough to advise the judge to state the new Guidelines range after granting the Government's § 5K1.1 departure request. App. 169. Such a statement is woefully inadequate and fails to meet the *Flores-Mejia* standard. His counsel's comments did not indicate that a new range was required such that the trial judge would be able to "correct or avoid the mistake so it cannot possibly affect the ultimate outcome." *Puckett v. United States*, 556 U.S. 129, 134 (2009); *Russell*, 134 F.3d at 179 (noting that an objection must put the trial judge on notice of a procedural error and

5

inform the judge of the legal basis of that error).[2]  Because this exchange is inadequate to support an objection, we will review for plain error.

**B.    *Gunter* Steps**

Next we turn to the question whether the District Court's failure to separately state a new Guidelines range before considering the § 3553(a) factors in issuing Doe's sentence was plain error affecting Doe's substantial rights such that we should reverse and remand for resentencing.  Although the Court erred by not stating on the record the new Guidelines range after granting departure, Doe was not prejudiced by the Court's procedural defect.  Stating the new Guidelines range on the record would not have affected Doe's opportunity to argue for an even lesser sentence after the grant of departure because the Court did not grant the motion for variance.

At sentencing, a defendant may argue for a departure or a variance.  As we have explained, the distinction between the two is not merely formal because the two are subject to different requirements.  *United States v. Floyd*, 499 F.3d 308, 311 (3d Cir. 2007) (noting a departure diverges from the originally calculated range based on reasons in the Guidelines themselves, where a variance is based on the court's discretion under § 3553(a)).  In *Gunter*, we emphasized the importance of this substantive distinction and

_____

[2] Moreover, it was especially important for counsel to have entered a specific objection to the sentencing judge's variance decision here where the judge had already considered and granted a motion to sentence below the Guidelines range on different grounds.

the need to disaggregate departure and variance determinations by mandating the steps the trial court must take in sentencing: (1) calculate a defendant's Guidelines range; (2) "rul[e] on the motions of both parties and stat[e] on the record whether they are granting a departure and how that departure affects the Guidelines calculation;" and (3) consider the relevant § 3553(a) factors, "regardless [of] whether it varies from the sentence calculated under the Guidelines." 462 F.3d at 247 (first two alternations in original, third alternation added). These steps must be completed separately and sequentially. *United States v. Friedman*, 658 F.3d 342, 361 (3d Cir. 2011). Failing to follow the *Gunter* steps separately and in their specified order risks "leaving [an appellate court] unable to review the procedural and substantive bases of the sentence . . . is an error that is plain, that affects the substantial rights of the parties, and that could seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Fumo*, 655 F.3d 288, 309 (3d Cir. 2011) (internal quotation marks and citations omitted).

Thus, based on *Gunter*, the District Court erred when it did not state on the record "how the [§ 5K1.1] departure affects the Guidelines calculation." *Gunter*, 462 F.3d at 247. But the trial court's error did not substantially affect Doe's sentence because, unlike the sentences in the precedents Doe cites, Doe's sentence is not ambiguous. Even though the District Court did not rule on Doe's variance motion on the record, the District Court's Statement of Reasons clearly indicates that his below-Guidelines sentence was the result of departure only. That Doe's below-Guidelines sentence was clearly based

7

solely on departure distinguishes his case from our precedents in which a defendant's sentence could have been additionally lowered had the District Court disaggregated its departure analysis from its variance considerations or cases in which we could not discern the District Court's basis for sentencing to review it for reasonableness. Where the District Court did not grant a variance here, the pronouncement of the new Guidelines range after the trial judge's grant of a departure would not have had a practical effect on Doe's ultimate sentence.

Since the procedural defect did not prejudice Doe, we cannot say the District Court's error is reversible.

## IV. CONCLUSION

Because we find that Doe was not prejudiced by the District Court's failure to state the new Guidelines calculation on the record, Doe's appeal does not survive plain error review. Therefore, we will affirm the District Court's judgment of conviction.