NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1798
_____

UNITED STATES OF AMERICA

v.

ROBERT LEE JOHNSON,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1:18-cr-00399-001)
Honorable Jennifer P. Wilson, United States District Judge
_____

Submitted under Third Circuit L.A.R. 34.1(a)
July 11, 2022

BEFORE: GREENAWAY, JR., MATEY, and RENDELL, *Circuit Judges*

(Opinion Filed: August 5, 2022)
_____

OPINION[*]
_____

GREENAWAY, JR., *Circuit Judge*.

Appellant Robert Johnson appeals from the judgment of conviction of the United

States District Court for the Middle District of Pennsylvania. Johnson argues that the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

sentence is substantively unreasonable. We disagree. We will affirm.

## I. Background

Johnson managed a sex trafficking organization in the York County area from November 2015 through August 2016. In connection with that operation, Johnson was charged with sex trafficking by force, fraud, and coercion in violation of 18 U.S.C. § 1591(a) and (b)(1) in the United States District Court for the Middle District of Pennsylvania.

Through the testimony of six of Johnson's victims, the Government learned that Johnson targeted drug addicts in desperate straits. He scouted his victims while they were searching for drugs on the street or performing in strip clubs, and he promised them a better life. To test them, he had sex with them. Once part of his operation, they were forced to give Johnson all the money they received, rendering them completely dependent on him. They existed at the whim of his violence. Victims reported that Johnson assaulted them if they were "disrespectful" or attempted to withhold money from him. PSR ¶ 8. They witnessed him beat a girl with a pistol until she seized and watched him beat someone with a baseball bat for failing to keep track of money. They also reported that Johnson threatened to withhold drugs from them until they reached their "quota of tricks." PSR ¶ 8.

Once Johnson pleaded guilty, the U.S. Probation Office prepared a Presentence Investigation Report, in which it calculated Johnson's Total Offense Level as 40. This included a two-level enhancement under U.S.S.G. § 3A1.1(b)(1) because Johnson "knew or should have known the victim of the offense was a vulnerable victim." It also stated

that his total criminal history score was 18, which established a criminal history category of VI. His resulting Guidelines range was 360 months' to life imprisonment.

In his Sentencing Memorandum, Johnson objected to the two-level vulnerable victim enhancement and requested no more than the mandatory minimum of 180 months' imprisonment. In his view, a 180-month sentence would adequately serve the purposes of sentencing. Further, his acceptance of responsibility and the fact that he would be in his mid-60s upon completing that sentence meant he would pose little risk of recidivism. He also cautioned that a sentence of 360 months or more would be tantamount to a life sentence.

In an April 5, 2021 order, the District Court overruled Johnson's objection and deferred ruling on the variance request until the sentencing hearing. On the same day, in a sealed order, the District Court granted the Government's motion for a downward departure. Initially, the grant of this motion reduced the sentencing range from 360 months' to life imprisonment, to 324 to 405 months' imprisonment.

At the April 8, 2021 sentencing hearing, the District Court explained that it had engaged in a three-step sentencing process. First, it calculated the appropriate Guidelines range to be 360 months to life in prison. Second, it considered outstanding departure motions, of which there were none. Third, it heard arguments regarding the 18 U.S.C. § 3553(a) factors. Ultimately, the District Court varied upwards and sentenced Johnson to 396 months in prison, a 15-year term of supervised release, and a $100 special assessment. The next day, the District Court convened a hearing in part to correct the post-departure sentencing range. It acknowledged that the maximum end of the post-

3

departure sentencing range had to be less than 360 months, so the 405-month maximum it had previously articulated was an error. Nonetheless, it reiterated that it had properly exercised its discretion to vary upwards and sentence Johnson to 396 months' imprisonment. Johnson timely appealed.

## II.    Discussion[1]

On appeal, Johnson argues that the District Court abused its discretion by failing to grant his request for a downward variance and by imposing a substantively unreasonable sentence. We reject these claims and affirm the District Court's judgment of conviction.

District Courts must follow a three-step sentencing process. At the outset of the sentencing hearing, the District Court said that it would adhere to that process as outlined in *Gall v. United States*, 552 U.S. 38, 49-50 (2007), and *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). It did just that.

Pursuant to this three-step process, the District Court must first determine the sentencing Guidelines range. *Gall*, 552 U.S. at 49; *Gunter*, 462 F.3d at 247. Here, it

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review the District Court's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 56 (2007). In determining the substantive reasonableness of the sentence, we consider the "totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* at 51. We may apply a presumption of reasonableness to sentences that fall within that range. *Id.* "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc).

4

determined Johnson's Guidelines range—360 months to life in prison—and noted that it had overruled Johnson's objections to the Guidelines.

Second, the District Court must resolve any requested departures from the sentencing Guidelines. *Gall*, 552 U.S. at 49; *Gunter*, 462 F.3d at 247. At this step, "the sentence reached after granting a departure motion must be less than the bottom of the otherwise applicable Guidelines range." *United States v. Floyd*, 499 F.3d 308, 312-13 (3d Cir. 2007). This means that the post-departure range calculated at step two cannot overlap with the original Guidelines range from step one—it must fall completely below the step one range. *See United States v. Vazquez-Lebron*, 582 F.3d 443, 445-46 (3d Cir. 2009).

Here, before the sentencing hearing, the District Court granted the Government's motion for a downward departure, which reduced Johnson's sentencing range to 324 to 405 months' imprisonment. Recognizing that this post-departure range improperly overlapped with the original Guidelines range (360 months' to life imprisonment), the District Court later acknowledged that the maximum end of the post-departure range had to be less than 360 months. *See Floyd*, 499 F.3d at 312-13; *Vazquez-Lebron*, 582 F.3d at 445-46. Accordingly, the corrected post-departure range was 324 to 359 months' (or a day less than 360 months') imprisonment.[2] Lastly, at the sentencing hearing, the District Court confirmed that there were no outstanding departure motions. Accordingly, the

---

[2] Although the District Court did not expressly state whether the corrected maximum end of the post-departure range was 359 months or a day less than 360 months, it acknowledged the 360-month limitation, and the parties appreciated that the District Court had corrected its error.

District Court complied fully with step two.

Third, the District Court must consider the 18 U.S.C. § 3553(a) factors. *Gall*, 552 U.S. at 49-50; *Gunter*, 462 F.3d at 247. At the sentencing hearing, the District Court heard arguments bearing on those factors. Defense counsel asked the District Court to impose the mandatory minimum, citing Johnson's challenging upbringing, drug use, mental health issues, and age, as well as the cost of imprisonment and potential for supervised release as an alternative to prison. Then, the Government argued for a 359-month sentence. In support of its argument, it presented testimony from a victim who stated that Johnson: threatened to cut off her fingers and slice her throat; forced her and others to watch him beat a drug addict with a baseball bat; and caused her to fear for her life. Johnson then allocuted.

After hearing these arguments, the District Court balanced all of the § 3553(a) factors and made "specific observations on the record" regarding some of them. J.A. 56. It considered the nature and circumstances of the offense. Characterizing the offense as "extraordinarily reprehensible," the District Court observed that Johnson: preyed on drug addicts; turned them "into business assets for [his] own profit"; ensured that he was "their only lifeline"; and committed physically violent acts against them. J.A. 56. Next, the District Court considered Johnson's history and characteristics. It noted that Johnson was 55 years old, a victim of child abuse, and struggled with substance abuse and mental health issues. It also noted his lengthy criminal history, which dated back to when Johnson was 15 years old, and the fact that he had spent only 33 months of his adult life engaged in legal employment.

6

Lastly, the District Court took note of defense counsel's request for a downward variance. Although recognizing that it had the discretion to grant the downward variance, it opted not to. Instead, the District Court varied upwards and imposed a sentence of 396 months' imprisonment.

That the District Court varied upwards at step three and imposed a sentence within the step one Guidelines range as opposed to within the step two post-departure range was not an error. Upon balancing the factors, a court has the authority to vary upward even where it has already granted a downward departure. *See Floyd*, 499 F.3d at 314 (stating that, after granting a downward departure at step two, a court can vary upward upon balancing the § 3553(a) factors at step three as long as the ultimate sentence is within the Guidelines range). We have observed that such an upward variance may be appropriate where a district court concludes that the "higher sentence [i]s warranted because the preliminary sentence failed to reflect the seriousness of the offense . . . or because of any other relevant factor under § 3553(a)." *Vazquez-Lebron*, 582 F.3d at 445-46, n.2. Here, in light of the seriousness of the offense, Johnson's criminal history, and the fact that he "has not aged out of crime," the District Court properly exercised its discretion to vary upward within the original Guidelines range. J.A. 57-58. The District Court's sentencing decision was substantively sound.

III.    **Conclusion**

For the foregoing reasons, we will affirm the judgment of conviction of the District Court.

7