NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2062
_____

UNITED STATES OF AMERICA

v.

MICHAEL DERENTZ,
                    Appellant

_____

On Appeal from the United States District
Court for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-15-cr-00418-001)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 9, 2018

Before: CHAGARES, SCIRICA, and RENDELL, Circuit Judges

(Filed: February 14, 2018)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Michael Derentz pleaded guilty to possession and distribution of child pornography after more than 566 images and 108 videos were found on his electronic devices. He now appeals the resulting aggregate sentence of 151 months' imprisonment, raising four challenges. Specifically, he contends the trial court erred by (1) treating the Sentencing Guidelines as mandatory, (2) applying a two-level enhancement for an offense involving distribution of child pornography, (3) refusing to vary from the Guidelines range, resulting in an unduly harsh sentence, and (4) giving inadequate consideration to the required factors under 18 U.S.C. § 3553(a). Because the sentence is procedurally sound and substantively reasonable, we will affirm.

## I.

Michael Derentz is a former schoolteacher who retired in 2010. On September 22, 2014, a Delaware County detective identified a computer sharing a video depicting child pornography via the eDonkey2000 file-sharing network. Derentz's wife was identified as the subscriber for the computer's particular internet protocol (IP) address. Upon execution of a state search warrant, twenty videos of child pornography were discovered, and two laptop computers and an external hard drive were seized. Derentz claimed sole ownership and use of those devices. A subsequent forensic examination by Homeland Security Investigations revealed more than 566 images and 108 videos from the devices, depicting child pornography, with an additional 11,715 images and videos depicting prepubescent children nude or partially clothed.

Derentz pleaded guilty to one count of distribution of child pornography, in

2

violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), on February 29, 2016.[1]

Neither defense counsel nor the government objected to the contents of the PSR before or during sentencing, and defense counsel did not submit a sentencing memorandum to the trial court. As calculated in the PSR, Derentz's base offense level was 22 under U.S.S.G. § 2G2.2. The base offense level was subject to several enhancements based on specific offense characteristics, including a two-level enhancement for distribution of child pornography under U.S.S.G. § 2G2.2(b)(3). Derentz's total offense level, after application of all enhancements and reductions, was 34, yielding a Guidelines range of 151 to 188 months' imprisonment. Following the presentation of two character witnesses, argument from counsel, and Derentz's allocution, the trial court imposed a term of 151 months' imprisonment on Count 1 and 120 months on Count 2, to run concurrently.

## II.

The trial court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

We review a trial court's sentencing decision for abuse of discretion. *See United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, [or] failing to consider the § 3553(a) factors." *Gall v. United States*, 552 U.S. 38, 51

---

[1] The minimum term of imprisonment on Count 1 is five years.

3

(2007).[2] Second, we "consider the substantive reasonableness of the sentence imposed." *Id.* "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568.

### III.

As noted, Derentz argues the trial court incorrectly (1) treated the Guidelines as mandatory, (2) applied a two-level sentencing enhancement for distribution, (3) refused to vary from the Guidelines range, and (4) overlooked the 18 U.S.C. § 3553(a) factors in determining a sentence. We conclude his arguments are meritless.

First, Derentz contends that the trial court treated the Sentencing Guidelines as mandatory. *See Gall*, 552 U.S. at 51 (holding it is procedural error to treat the Guidelines as mandatory). His assertion is belied by the trial judge's statements during Derentz's sentencing hearing:

> There are some courts that don't believe that the very high and hard sentences deter others, or deter anything, that they're overly harsh, that robbers have far less of a guideline range than this. But this is what Congress has done, and this is what the law has said is allowed. And until it's changed, *that's my guide*. And as to judges imposing their own personal positions, I refuse to do that, because it would not be right. Then there's uneven justice. And this has to be consistent.

App. 65 (emphasis added).

---

[2] "[W]hen a party wishes to take an appeal based on a procedural error at sentencing—such as the court's failure to meaningfully consider that party's arguments or to explain one or more aspects of the sentence imposed—that party must object to the procedural error complained of after sentence is imposed in order to avoid plain error review on appeal." *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc). We note that Derentz did not raise any objections below. But, because we conclude that his arguments fail under any standard, we need not determine if plain error review applies.

4

The trial judge stated that she was using the Guidelines as a "guide." Nothing in the trial judge's statements suggest that she viewed the Guidelines as mandatory. To the contrary, the trial judge recognized that other courts varied from the Guidelines range but expressly declined to do so in this case. We do not "require district judges to routinely state by rote that they have read the *Booker* decision or that they know the sentencing guidelines are now advisory." *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006) (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006)). Because it is clear from the record that the trial judge knew she had the authority to vary from the Guidelines, we reject Derentz's assertion that the court erroneously treated the Guidelines as mandatory.

Second, Derentz contends the trial court improperly applied a two-level enhancement for distribution of child pornography under U.S.S.G. § 2G2.2(b)(3), without evidence that he knew his use of file-sharing software allowed others access to his files. But Derentz pleaded guilty to distribution of child pornography,[3] which has a *mens rea* of "knowingly . . . distribut[ing] the material" *see* 18 U.S.C. § 2252(a)(2). Thus, by pleading guilty, Derentz admitted that he knowingly distributed child pornography. Further, he did not object to the PSR, which included the two-level enhancement. As Derentz's counsel stated during the sentencing hearing, "we agree what the guidelines are." App. 48. Accordingly, Derentz's challenge to the application of a two-level enhancement under U.S.S.G. § 2G2.2(b)(3) fails.

_____

[3] Derentz does not challenge the sufficiency of his plea allocution or the trial court's findings in accepting his plea.

Third, Derentz asserts that the trial court erred by refusing to vary from the Guidelines range based on the allegedly harsh nature of the Guidelines for offenses involving child pornography.[4]  In support, Derentz repeatedly refers to our decision in *United States v. Grober*, 624 F.3d 592 (3d Cir. 2010).  But, in doing so, he misses the mark.  In *Grober*, we held a trial court may vary downward from the Guidelines range based on policy disagreements with U.S.S.G. § 2G2.2.  624 F.3d at 609.  We did not mandate that a trial court do so.  *Id.* ("We emphasize that we do not hold that § 2G2.2 will always recommend an unreasonable sentence, and district courts must, of course, continue to consider the applicable Guidelines range. . . . Moreover, if a district court does not in fact have a policy disagreement with § 2G2.2, it is not obligated to vary on this basis.").  The trial court in this case was under no obligation to vary downward based on policy concerns.

Finally, Derentz asserts that the trial court did not properly consider the 18 U.S.C. § 3553(a) factors in imposing the sentence.[5]  During sentencing, the trial court referenced, among other things, the number of images and videos Derentz possessed

---

[4] We note that Derentz did not present this argument to the trial court.

[5] Derentz also contends that the trial court "demanded that defense counsel should have filed for a downward departure of variance" and "[u]nder the above referenced case law, that's false."  Appellant's Br. at 3.  Derentz's argument incorrectly conflates downward departures and variances.  *See United States v. Fumo*, 655 F.3d 288, 317 (3d Cir. 2011) ("A traditional sentencing 'departure' diverges . . . from the originally calculated range 'for reasons contemplated by the Guidelines themselves.'  In contrast, a 'variance' diverges . . . from the Guidelines, including any departures, based on an exercise of the court's discretion under § 3553(a)." (quoting *United States v. Floyd*, 499 F.3d 308, 311 (3d Cir. 2007) (alterations in original)).  At the sentencing hearing, the trial court asked if defense counsel had any Guideline departure motions to present, and defense counsel stated he did not.  Defense counsel was also given an opportunity to argue for a variance.

6

and/or distributed, the continued victimization of children depicted in those images and videos, and Derentz's background.  The trial court thoroughly considered the § 3553(a) factors in imposing Derentz's sentence.

## IV.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.